**F I L E D**

**UNITED STATES COURT OF APPEALS**

**July 9, 2007**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

PAUL PERAZA,

      Defendant - Appellant.

No. 06-6366
(D.C. No. CR-06-84-02-T)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **MURPHY**, and **O'BRIEN**, Circuit Judges.[**]

Defendant-Appellant Paul Peraza appeals his sentence of 188 months'
imprisonment and three years' supervised release, which was imposed after he
pleaded guilty to one count of robbery of a facility in interstate commerce.
Counsel for Mr. Peraza has filed an Anders brief and requests to withdraw. See
Anders v. California, 386 U.S. 738 (1967). In the Anders brief, counsel raises

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

two issues: (1) the district court erred in calculating the proper sentencing range under the United States Sentencing Guidelines (the "Guidelines") because it counted Mr. Peraza's prior escape conviction as a crime of violence; and (2) the district court erred in finding that Mr. Peraza "otherwise used" a dangerous weapon in the commission of his offense, thereby resulting in an unwarranted four-level enhancement to his base offense level. Mr. Peraza subsequently filed a response to the Anders brief, arguing that we should reconsider the Tenth Circuit's stance on escape convictions as crimes of violence; that he is actually innocent of a crime of violence because his prior escape was a "walk away escape"; and that he did not "otherwise use" a dangerous weapon during the robbery for which he was convicted. Our jurisdiction arises under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). Because every ground for appeal is frivolous, we dismiss the appeal and grant counsel's motion to withdraw.

On April 24, 2006, Mr. Peraza pleaded guilty to violating 18 U.S.C. §§ 1951(a) and 2. At the time, Mr. Peraza stood accused of robbing the Credit Union Service Center in Oklahoma City, Oklahoma. Following the change of plea, a presentence investigation report ("PSR") was prepared by the probation office, which recommended a four-level increase in Mr. Peraza's base offense level of twenty for otherwise using a dangerous weapon during the course of the robbery, see U.S.S.G. § 2B3.1(b)(2)(D). The PSR also recommended that the adjusted offense level be set at thirty-two because Mr. Peraza was considered a

career offender under U.S.S.G. § 4B1.1 due in part to a prior escape conviction, and recommended a three-level decrease for acceptance of responsibility, see id. § 3E1.1.  Given a total offense level of twenty-nine and criminal history category of VI, the advisory Guideline range for imprisonment was 151 to 188 months.

Prior to sentencing, Mr. Peraza filed a sentencing memorandum objecting both to his being deemed a career offender and the four-level increase for otherwise using a dangerous weapon.  The district court overruled both objections and sentenced Mr. Peraza to 188 months' imprisonment to be followed by three years' supervised release.  Mr. Peraza now appeals.

Post-Booker, we review sentences for reasonableness considering the factors enumerated in 28 U.S.C. § 3553(a).  See United States v. Kristl, 437 F.3d 1050, 1053 (10th Cir. 2006).  In order to be reasonable, a sentence must be both procedurally and substantively sound.  See United States v. Cage, 451 F.3d 585, 591 (10th Cir. 2006).  A procedurally reasonable sentence is one that is "calculated utilizing a legitimate method."  Id.  Only recently, the Supreme Court specified that a sentence is substantively reasonable so long as the district court does not abuse its discretion.  See Rita v. United States, – S. Ct. –, 2007 WL 1772146, at *9 (2007).  Mr. Peraza, however, only challenges the procedural aspect of his sentence.

Mr. Peraza first contends that the district court erroneously applied a career offender enhancement resulting in an adjusted offense level of thirty-two pursuant

to U.S.S.G. § 4B1.1. More specifically, Mr. Peraza maintains that his prior escape conviction should not be considered a crime of violence; hence, he claims he has only been convicted of one prior crime of violence and thus does not qualify as a career offender. Section 4B1.1(a) states that a criminal defendant is considered a career offender if, inter alia, he "has at least two prior felony convictions of either a crime of violence or a controlled substance offense." Mr. Peraza concedes that his prior conviction was for an escape but he requests we rethink a long line of precedent holding that an escape conviction is categorically a crime of violence. See United States v. Patterson, 472 F.3d 767, 783 (10th Cir. 2006). We decline to do so. Moreover, under the categorical approach, it does not matter whether Mr. Peraza was actually violent during the escape, and thus his actual innocence argument is unavailing. Consequently, the district court correctly applied the enhancement.

Second, Mr. Peraza contends that the district court erred when it increased his base offense level by four because he otherwise used a dangerous weapon during the commission of his offense. Pursuant to the Guidelines, a criminal defendant's base offense level must be increased by four levels "if a dangerous weapon was otherwise used" to commit a crime. See U.S.S.G. § 2B3.1(b)(2)(D). In contrast, the base offense level should only be increased by three "if a dangerous weapon was brandished, or possessed." See id. § 2B3.1(b)(2)(E). In order to have "otherwise used" a dangerous weapon, Mr. Peraza must have done

more than brandished, displayed, or possessed it. See id. § 2B3.1 n.1; id. § 1B1.1 n.1(I). A weapon is "brandished" if "all or part of the weapon was displayed, or the presence of the weapon was otherwise made known to another person, in order to intimidate that person." Id. § 1B1.1 n.1(C). In other words, a weapon is "used" if "[the] conduct amounts to more than pointing, waving or displaying [the weapon] in a threatening manner." United States v. Roberts, 898 F.2d 1465, 1470 (10th Cir. 1990).

Here, the facts show that Mr. Peraza entered the Credit Union Service Center, announced his intention to rob the bank, and produced a folding knife, opening it so that its blade was fully extended. One of the bank's tellers advised investigating agents that Mr. Peraza "moved the knife from side to side to keep the tellers at bay." PSR at 5, ¶ 17. On at least one occasion, Mr. Peraza also "held the knife close to the teller . . . in a threatening manner to ensure neither he, nor the other tellers attempted to interfere with the robbery." Id. Finally, after ending up in the hospital following his involvement in a high-speed chase, Mr. Peraza informed an emergency room physician that, "I used a knife." Id. at 4, ¶ 12. These facts are sufficient to establish that Mr. Peraza "otherwise used" a weapon during the course of the robbery. See United States v. Gilkey, 118 F.3d 702, 704-06 (10th Cir. 1997); Roberts, 898 F.2d at 1469-70; United States v. Johnson, 931 F.2d 238, 240-41 (3d Cir. 1991) (construing the term "brandish" in the context of the Guidelines "as denoting a generalized rather than a specific

threat").  The enhancement was justified.

Accordingly, we DISMISS this appeal and GRANT counsel's motion to withdraw.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge