FILED
United States Court of Appeals
Tenth Circuit

December 7, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

PAUL PERAZA,

    Defendant - Appellant.

No. 12-6173
(D.C. Nos. 5:11-CV-01195-D and
5:06-CR-00084-D-2)
(W.D. Okla.)

---

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

---

Before **KELLY**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

---

Paul Peraza, a federal prisoner proceeding pro se, seeks a certificate of

appealability ("COA") to challenge the district court's denial of his motion to

vacate, set aside, or correct his sentence. 28 U.S.C. § 2255. To obtain a COA,

Mr. Peraza must show "that jurists of reason would find it debatable whether the

petition states a valid claim of the denial of a constitutional right and that jurists

of reason would find it debatable whether the district court was correct in its

procedural ruling." Slack v. McDaniel, 529 U.S. 474, 484 (2000). Because he has

not made that showing, we deny Mr. Peraza's request for a COA and dismiss his

appeal.

Mr. Peraza pled guilty to unlawfully obstructing, delaying, and affecting

commerce by robbery.  On December 1, 2006, he was sentenced to 188 months'

imprisonment and three years' supervised release.  This court affirmed his

conviction on direct appeal on July 9, 2007. United States v. Peraza, 240 F. App'x

788 (10th Cir. 2007) (unpublished).  Mr. Peraza did not file a petition for a writ

of certiorari.

Mr. Peraza filed his federal habeas petition on October 24, 2011, claiming

that the district court erroneously sentenced him as an armed career criminal

based on its mistaken conclusion that escape was necessarily a crime of violence.

The government moved to dismiss Mr. Peraza's habeas petition as time-barred,

arguing that it was filed after the one-year limitations period. 28 U.S.C. § 2255(f).

The district court denied Mr. Peraza's § 2255 motion, concluding that it was

untimely and Mr. Peraza was not entitled to equitable tolling. United States v.

Peraza, No. CIV-11-1195-D, 2012 WL 2087393, at *2 (W.D. Okla. June 8, 2012).

Mr. Peraza admits his habeas petition was untimely, but argues that his

circumstances warrant equitable tolling.  In order to qualify for equitable tolling,

a party must show: "(1) that he has been pursuing his rights diligently, and (2)

that some extraordinary circumstance stood in his way and prevented timely

filing." Holland v. Florida, 130 S. Ct. 2549, 2561 (2010) (quotation omitted).

Mr. Peraza argues that he is entitled to equitable tolling because he lacked

knowledge of Chambers v. United States, 555 U.S. 122, 130 (2009), in which the

Supreme Court rejected a categorical definition of escape as a violent crime,

holding that the defendant's failure to report to a penal institution was not a "violent felony." As Mr. Peraza notes, the Tenth Circuit has applied the Chambers rule retroactively on collateral review. See United States v. Shipp, 589 F.3d 1084, 1091 (10th Cir. 2009). Under 18 U.S.C § 2255(f)(3), Mr. Peraza was entitled to a one-year limitation period, which began to run on the date this newly recognized right was made retroactively applicable to cases on collateral review. However, Mr. Peraza did not file his petition within § 2255(f)(3)'s statutory period. See United States v. Mathur, 685 F.3d 396, 397 (4th Cir. 2012); United States v. Thody, 460 F. App'x. 776, 780 (10th Cir. 2012) (unpublished).

"[I]t is well established that ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) (quotation omitted); see also Yang v. Archuleta, 525 F.3d 925, 929–30 (10th Cir. 2008); Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). Mr. Peraza argues that the prison library's shift to an electronic system posed a significant barrier to his research abilities. But "a claim of insufficient access to relevant law . . . is not enough to support equitable tolling." Gibson, 232 F.3d at 808; see also Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). Under our precedent, we do not believe that the district court's procedural ruling is reasonably debatable.

Accordingly, we DENY Mr. Paraza's request for a COA and dismiss this

appeal. Mr. Peraza's request to proceed in forma pauperis on appeal is GRANTED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge