**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Lewis D. ALLEN, Defendant–Appellant.**

No. 88–2486.

United States Court of Appeals, Tenth Circuit.

Feb. 6, 1990.

David J. Phillips, Asst. Federal Public Defender (Charles D. Anderson, Federal Public Defender, with him on the brief), District of Kansas, Kansas City, Kan., for defendant-appellant.

Robert S. Streepy, Asst. U.S. Atty. (Benjamin L. Burgess, Jr., U.S. Atty., with him on the brief), District of Kansas, Kansas City, Kan., for plaintiff-appellee.

Before LOGAN, TACHA and BRORBY, Circuit Judges.

LOGAN, Circuit Judge.

Lewis D. Allen appeals his conviction on charges of tax evasion and fraudulent misuse of a social security number not belonging to him. We hold that the district court violated Allen's Sixth Amendment right to assistance of counsel for his defense. Accordingly we reverse the conviction and remand the case for a new trial.

I

Allen was indicted on three charges of tax evasion, in violation of 26 U.S.C. § 7201, and five counts of use of a social security number not assigned to him for the purpose of concealing his income from the United States government, in violation of 42 U.S.C. § 408(g)(2). At each of his appearances before the magistrate and, later, before the district judge, Allen appeared without counsel. He rejected appointed counsel, expressing a desire to find someone to help him on his own; but he never retained an attorney. Ultimately the magistrate appointed a member of the federal public defender's office as standby counsel. The district court denied Allen's

*pro se* motions for a continuance to permit him to retain an attorney.

The court determined that Allen's appearance at trial "without counsel [was] at his own choosing," IV R. at 19; *see also id.* at 38, 67, 192, and ordered the trial to proceed with Allen entered as appearing *pro se.* Allen did not participate in the trial except to object that his Sixth Amendment rights were being violated each time the judge invited him to participate. The government presented its case; the defense presented nothing; and the jury returned a guilty verdict on each of the eight counts in the indictment. Allen was sentenced to the maximum term of five years in prison on each count, all sentences to run concurrently.

## II

The district court apparently thought that Allen's refusal to accept appointed counsel, and his failure to hire his own, were part of a ploy to indefinitely postpone his trial. We, therefore, treat the court's comment that Allen was without counsel "at his own choosing" as a finding that Allen's course of conduct amounted to waiver of his Sixth Amendment right to assistance of counsel.

There is no question that a defendant may waive the right to counsel and defend against criminal charges *pro se.* To be valid, however, the waiver of this fundamental constitutional guarantee must be voluntary, knowing and intelligent. *See, e.g., Sanchez v. Mondragon,* 858 F.2d 1462, 1465 (10th Cir.1988). Indeed, before allowing a defendant to proceed *pro se,* the district judge must ensure and establish on the record that defendant "knows what he is doing and [that] his choice is made with eyes open." *Faretta v. California,* 422 U.S. 806, 835, 95 S.Ct. 2525, 2541, 45 L.Ed.2d 562 (quoting *Adams v. United States ex rel. McCann,* 317 U.S. 269, 279, 63 S.Ct. 236, 241–42, 87 L.Ed. 268 (1942)). As we stated in *United States v. Padilla,* 819 F.2d 952 (10th Cir.1987):

> "*Faretta* requires a showing on the record that the defendant who elects to conduct his own defense had some sense

of the magnitude of the undertaking and the hazards inherent in self-representation when he made the election. The task of ensuring that defendant possesses the requisite understanding initially falls on the trial judge, who must bear in mind the strong presumption against waiver. *Von Moltke v. Gillies,* 332 U.S. 708, 723, 68 S.Ct. 316, 323, 92 L.Ed. 309 (1948)[.]

> > 'To be valid such waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter. A judge can make certain that an accused's professed waiver of counsel is understandingly and wisely made only from a penetrating and comprehensive examination of all the circumstances under which such a plea is tendered.'

> *Von Moltke,* 332 U.S. at 723–24, 68 S.Ct. at 323. This court has reiterated that the factors articulated must be conveyed to the defendant *by the trial judge* and must appear on the record so that our review may be conducted without speculation."

*Id.* at 956–57 (emphasis in original) (citations omitted). The inquiry mandated by *Padilla* must occur at a *pre*trial hearing, so that if the defendant decides not to waive his right to counsel, he will have a meaningful opportunity to exercise it.

The right to make a knowing and intelligent waiver of the right to counsel does not grant the defendant license "to play a 'cat and mouse' game with the court, or by ruse or stratagem fraudulently seek to have the trial judge placed in a position where, in moving along the business of the court, the judge appears to be arbitrarily depriving the defendant of counsel." *United States v. McMann,* 386 F.2d 611, 618–19 (2d Cir. 1968). Of course, such a "ruse or stratagem" may be, and often will be, the result of the defendant's ignorance concerning the crucial role of counsel in criminal cases.

We assume, without deciding, that the district court here correctly viewed Allen's conduct as amounting to a voluntary waiver of his right to counsel, because it is undisputed that the court engaged in no inquiry to determine whether the waiver was knowing and intelligent. A court is under no less obligation to ensure that waiver is knowing and intelligent when voluntariness is deduced from conduct than when it is asserted expressly. *See, e.g., United States v. Welty,* 674 F.2d 185, 189 (3d Cir.1982) ("While we can understand, and perhaps even sympathize, with the frustration and exasperation of the district court judge, even well-founded suspicions of intentional delay and manipulative tactics can provide no substitute for the inquiries necessary to protect a defendant's constitutional rights."). The district court's failure to examine Allen in accordance with our holding in *Padilla* renders Allen's purported waiver invalid. Thus, the trial below was conducted in violation of his Sixth Amendment right to counsel.

### III

Before reversing Allen's convictions, our precedent requires that we consider whether the district court's violation of his Sixth Amendment rights should be deemed harmless beyond a reasonable doubt. *See Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

In *United States v. Dawes,* 874 F.2d 746 (10th Cir.), *cert. denied,* —— U.S. ——, 110 S.Ct. 284, 107 L.Ed.2d 264 (1989), a case factually similar to the one at bar, this court affirmed convictions obtained after the trial court allowed defendants to proceed *pro se* without ensuring their knowledge and understanding of the dangers of self-representation as required by *Padilla.* We reasoned that, because "[o]ur examination of the record convinces us there is no reasonable possibility defendants would have been found not guilty had they been represented by counsel[,] ... noncompliance with the requirements of *Padilla* was harmless error, and, based on the evidence, harmless beyond a reasonable doubt." *Id.* at 749. *See also United States v. Gipson,* 693 F.2d 109, 112 (10th Cir.), *cert. denied,* 459 U.S. 1216, 103 S.Ct. 1218, 75 L.Ed.2d 455 (1983). We applied the same standard to a constitutionally invalid waiver in a state habeas corpus case in *Sanchez v. Mondragon,* 858 F.2d 1462, 1464–65 (10th Cir.1988), concluding that "the same waiver standard applies to *Faretta* issues on direct appeal and habeas corpus."

In *Sanchez,* however, we applied harmless error analysis with reluctance, noting that other circuits have questioned the applicability of harmless error analysis to waiver of counsel cases, and that the Ninth Circuit had specifically held that our approach in *Gipson* was prohibited by the Supreme Court's subsequent decision in *Rose v. Clark,* 478 U.S. 570, 106 S.Ct. 3101, 92 L.Ed.2d 460 (1986). *Sanchez,* 858 F.2d. at 1468 (citing *United States v. Balough,* 820 F.2d 1485, 1489–90 (9th Cir.1987)). We also noted that the Supreme Court's recent decision in *Satterwhite v. Texas,* 486 U.S. 249, 108 S.Ct. 1792, 100 L.Ed.2d 284 (1988),

> "cast considerably more doubt on the applicability of harmless error analysis in *Faretta* waiver-of-counsel cases ... [by] distinguish[ing] per se reversible Sixth Amendment error from that amenable to harmless error analysis by focusing on whether the error 'affected—and contaminated—the entire criminal proceeding' or whether the error was 'limited to the erroneous admission of particular evidence.'"

858 F.2d at 1468. We observed that waiver-of-counsel error is not like erroneous introduction of evidence. Rather, it results in the defendant proceeding through an entire trial without counsel. *Id.* Nevertheless, reluctant to infer that the Supreme Court implicitly overruled our precedent, we applied harmless error analysis to the facts of *Sanchez. Id.*

We believe that the Supreme Court's decision in *Penson v. Ohio,* 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), has now dispelled all doubt about the application of harmless error analysis to invalid waivers of counsel. In *Penson,* the petitioner, an indigent, was convicted of several crimes in state court. New counsel was appointed

for his appeal but was permitted to withdraw after certifying that the appeal was meritless. The petitioner's request for new appointed counsel was denied and the court of appeals, "without the assistance of any advocacy for petitioner, ... made its own examination of the record to determine whether petitioner received 'a fair trial and whether any grave or prejudicial errors occurred therein.'" *Id.* 109 S.Ct. at 349 (citation omitted). The court found several arguable grounds for appeal, reversed petitioner's conviction and sentence on one count, and affirmed on the remaining counts. The court found no prejudice to defendant as a result of counsel's superficial examination of the record, because the court itself had thoroughly examined the record.

The Supreme Court, however, found that the state appellate court violated the requirements of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), when it granted appellate counsel's motion to withdraw and that it "committed an even more serious error when it failed to appoint new counsel after finding that the record supported several arguably meritorious grounds for reversal of petitioner's conviction and modification of his sentence. As a result, petitioner was left without constitutionally adequate representation on appeal." *Penson*, 109 S.Ct. at 350.

In refusing to apply harmless error analysis to the facts of *Penson*, the Court said:

"[I]t is important to emphasize that the denial of counsel in this case left petitioner completely without representation during the appellate court's actual decisional process. This is quite different from a case in which it is claimed that counsel's performance was ineffective. As we stated in *Strickland* [*v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)], the '[a]ctual or constructive denial of the assistance of counsel altogether is legally presumed to result in prejudice.' 466 U.S. at 692, 104 S.Ct. at 2067. Our decision in *United States v. Cronic*, [466 U.S. 648, 104 S.Ct.

2039, 80 L.Ed.2d 657 (1984)], likewise, makes clear that '[t]he presumption that counsel's assistance is essential requires us to conclude that a trial is unfair if the accused is denied counsel at a critical stage of his trial.' 466 U.S. at 659, 104 S.Ct. at 2047 (footnote omitted). Similarly, *Chapman* recognizes that the right to counsel is 'so basic to a fair trial that [its] infraction can never be treated as harmless error.' 386 U.S. at 23, and n. 8, 87 S.Ct. at 827–28 and n. 8. And more recently, in *Satterwhite v. Texas*, 486 U.S. 249, 256, 108 S.Ct. 1792, 1797, 100 L.Ed.2d 284 (1988), we stated that a pervasive denial of counsel casts such doubt on the fairness of the trial process, that it can never be considered harmless error. Because the fundamental importance of the assistance of counsel does not cease as the prosecutorial process moves from the trial to the appellate stage, ... the presumption of prejudice must extend as well to the denial of counsel on appeal."

*Id.* at 353–54. Two key elements in the Court's reasoning control our decision here. First, because the Sixth Amendment violation left petitioner *"entirely without the assistance of counsel,"* the Court held that both *Strickland*'s prejudice requirement and *Chapman*'s harmless error analysis are inapplicable. *Id.* 109 S.Ct. at 354 (emphasis added). Second, the Court justified this holding by analogizing the need for counsel on *appeal* to its "paramount importance" at *trial. Id.* at 351–52, 354.

We believe that *Penson* precludes application of harmless error analysis to waiver of counsel cases. Acceptance of an invalid waiver in violation of a defendant's Sixth Amendment rights necessarily leaves him "entirely without the assistance of counsel" at trial. To the extent that our cases are inconsistent with this holding, they are overruled.[1]

REVERSED and REMANDED.

---

**1.** Because this panel opinion overrules Tenth Circuit precedent, it has been circulated among

all the judges of this court in regular active service. All judges have expressed agreement with the conclusions expressed herein concerning the inapplicability of harmless error analysis to waiver of counsel cases.