UNITED STATES of America,
Plaintiff–Appellee,

v.

Donald W. DAWES and Phyllis C.
Dawes, Defendants–Appellants.

Nos. 89–3180, 89–3181, 89–3205
and 89–3206.

United States Court of Appeals,
Tenth Circuit.

Submitted on the Briefs.*

Decided Feb. 6, 1990.

Benjamin L. Burgess, Jr., U.S. Atty. and Stephen K. Lester, Asst. U.S. Atty., Wichita, Kan., for plaintiff-appellee.

Bissessarnath Ramcharan–Maharajh, Topeka, Kan., for defendants-appellants.

Before TACHA, BALDOCK, and BRORBY, Circuit Judges.

BRORBY, Circuit Judge.

We have combined the above numbered appeals of the Daweses.

Defendants seek review of the district court's denial of their motions for new trial filed July 17 and 24, 1989. Defendants' primary argument is that they were denied their constitutional right to counsel at their trial on charges of willful failure to file income tax returns. Even though defendants styled their motions as ones for new trial, fair construction of their papers convinces us that the real objective was to secure vacation of the judgments and sentences. Consequently, the actions should

\* After examining the briefs and the appellate record, this three-judge panel has determined

unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.

be treated as motions for writs of error *coram nobis.*

■ In defendants' direct criminal appeal we held that the failure of the district court to advise defendants of the dangers of proceeding to trial *pro se* was harmless error beyond a reasonable doubt. *United States v. Dawes,* 874 F.2d 746, 749 (10th Cir.), *cert denied,* —— U.S. ——, 110 S.Ct. 284, 107 L.Ed.2d 264 (1989). Since then, we have had occasion to revisit our *Dawes* ruling in the context of another defendant proceeding to trial without counsel.

In *United States v. Allen,* 895 F.2d 1577, (10th Cir.1990), we reconsidered the use of harmless error analysis in a factually similar situation based on the Supreme Court's holding in *Penson v. Ohio,* 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). In that case, the Court refused to apply harmless error analysis to a petitioner left without appellate representation. 109 S.Ct. at 354. We have now concluded that *Penson* "precludes application of harmless error analysis to waiver of counsel cases." *United States v. Allen,* 895 F.2d at 1580.

■ No lengthy analysis is needed to determine whether *United States v. Allen* is to be applied retroactively. Because the right to counsel is fundamental to insuring the very integrity of the fact finding process, *see Linkletter v. Walker,* 381 U.S. 618, 639 and n. 20, 85 S.Ct. 1731, 1743 and n. 20, 14 L.Ed.2d 601 (1965), we hold that our decision in *Allen* will be applied retroactively.

The United States Supreme Court has held that the writ of error *coram nobis* is available to correct errors "of the most fundamental character." *United States v. Morgan,* 346 U.S. 502, 512, 74 S.Ct. 247, 253, 98 L.Ed. 248 (1954) (quoting *United States v. Mayer,* 235 U.S. 55, 69, 35 S.Ct. 16, 19–20, 59 L.Ed. 129 (1912)). *Morgan*

held the district court had power under the All–Writs Act, 28 U.S.C. § 1651(a), to issue a writ of error *coram nobis* to vacate a conviction on the ground that the defendant had been deprived of counsel without his knowing waiver of his constitutional right to counsel. Although this writ is an "extraordinary remedy [available] only under circumstances compelling such action to achieve justice," 346 U.S. at 511, we believe circumstances here justify its issuance.

■ We note that 28 U.S.C. § 2255 is not a bar to this motion, in spite of the fact that the defendants are currently in custody. *See* 346 U.S. at 511, 74 S.Ct. at 252–53. Our decision in *Allen* is conclusive as to defendants' entitlement to a reversal of their *convictions;* thus, § 2255, which provides only for vacation or correction of a *sentence,* is an inadequate remedy in these circumstances.

■ Finally, we note that the vacation of defendants' convictions, on their motion, on the ground that their right to counsel was violated does not prevent the government from retrying the defendants for the same offenses. *Lockhart v. Nelson,* 488 U.S. 33, 109 S.Ct. 285, 289, 102 L.Ed.2d 265 (1988).

Accordingly, the orders of the district court denying new trials are REVERSED, and the matters are REMANDED with instructions to vacate the underlying convictions and sentences. We also direct the district court to order the immediate release of the defendants.

The mandate shall issue forthwith.