UNITED STATES COURT OF APPEALS       May 10, 2011

TENTH CIRCUIT

---

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff - Appellee,<br><br>v.<br><br>SHAUNE COREY PAYNE,<br><br>    Defendant - Appellant. | No. 10-5111 |

---

## ORDER

---

Appellant's petition for rehearing is granted for the limited purpose of revising the order and judgment filed January 18, 2011, and replacing it with the attached opinion.

The petition for rehearing en banc was transmitted to all of the judges of the court who are in regular active service. As no member of the panel and no judge in regular active service on the court requested that the court be polled, that petition is denied.

Entered for the Court,

ELISABETH A. SHUMAKER, Clerk

FILED
United States Court of Appeals
Tenth Circuit

January 18, 2011

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SHAUNE COREY PAYNE,

Defendant - Appellant.

No. 10-5111

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA
(D.C. NO. 4:08-CR-00154-TCK-1)**[*]

---

Shaune Corey Payne, pro se.

Leena Alam, Assistant United States Attorney, (Thomas Scott Woodward, United States Attorney, Northern District of Oklahoma, with her on the brief), Tulsa, Oklahoma, for Plaintiff - Appellee.

---

Before **KELLY**, **HARTZ**, and **HOLMES**, Circuit Judges.

---

**HARTZ**, Circuit Judge.

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

On a petition for rehearing by Defendant Shaune Corey Payne, we withdraw our prior order and judgment filed on January 18, 2011, and substitute the following:

Defendant, a federal prisoner in Texas, appeals the district court's denial of his motion for writ of error *coram nobis* to vacate his conviction. We affirm because he has failed to show that relief under 28 U.S.C. § 2255 was unavailable or would have been inadequate.

## I. BACKGROUND

A grand jury indicted Defendant in the United States District Court for the Northern District of Oklahoma on one count of knowingly and intentionally possessing with the intent to distribute 50 grams or more of a substance containing detectable amounts of cocaine base. *See* 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii). He pleaded guilty and was sentenced on February 10, 2009, to 120 months' imprisonment.

Defendant did not appeal his conviction or file a motion for relief under 28 U.S.C. § 2255. But on September 1, 2010, he filed a motion for writ of error *coram nobis* under 28 U.S.C. §1651(a). He asserted that he was not guilty and had pleaded guilty only because his counsel had advised him that doing so would "reduce the possible time he would get if he were to go to trial." R., Vol. 1 at 13. He further claimed that his rights had been violated by three Tulsa police officers who had worked with two law-enforcement officers (one of whom was a federal

-2-

agent) who were later indicted by a grand jury for "planting drugs on other

persons." *Id.* Defendant did not allege, however, that either of the indicted

officers had been involved in his case. Defendant also moved for appointment of

counsel and for his release pending the district court's ruling on his motion for

writ of error *coram nobis*.

On September 10, 2010, the district court denied Defendant's motions but

directed the clerk of the court to send a copy of his motion for writ of error *coram*

*nobis* to Special Attorney Jane W. Duke "so that [she] may determine whether

th[e] matter merit[ed] further investigation." *Id.* at 21. Defendant filed a timely

notice of appeal.

## II.    DISCUSSION

Defendant argues that a writ of error *coram nobis* is available even to a

prisoner who is, like him, still in custody on the conviction he seeks to challenge.

*See United States v. Dawes*, 895 F.2d 1581, 1582 (10th Cir. 1990) (granting

*coram nobis* relief to petitioners in custody for the convictions they challenged).

*But cf. United States v. Torres*, 282 F.3d 1241, 1245 (10th Cir. 2002) ("[A]

prisoner may not challenge a sentence or conviction for which he is currently in

custody through a writ of coram nobis.").

But even if Defendant's incarceration on the challenged conviction is not

an absolute bar to relief under a writ of error *coram nobis*, he is not entitled to

such relief unless relief under 28 U.S.C. § 2255 was unavailable or would have

been inadequate.  *See Santos-Sanchez v. United States*, 548 F.3d 327, 331

(5th Cir. 2008) ("[A writ of *coram nobis*] will issue only when no other remedy is

available . . . ." (internal quotation marks omitted)), *vacated on other grounds*,

130 S. Ct. 2340 (2010);  *Embrey v. United States*, 240 F. App'x 791, 794 (10th

Cir. 2007) (unpublished) ("[T]he writ [of *coram nobis*] is only available when

other remedies and forms of relief are unavailable or inadequate.");[1] 3 Charles

Alan Wright & Sarah N. Welling, Federal Practice & Procedure § 624 at 652 (4th

ed. 2011) ("Coram nobis is unnecessary, and will not lie, if the defendant is in

custody and has a remedy available under § 2255."); 28 James Wm. Moore,

Moore's Federal Practice § 672.02[2][c] at 672-44 (3d ed. 2010) ("Coram nobis

relief is only available if the petitioner no longer satisfies the custody requirement

for seeking relief under section 2241 or 2255."); 7 Wayne R. LaFave et al.,

Criminal Procedure § 28.9(a) at 282 (3d ed. 2007) ("the writ [of *coram nobis*] is

only an option if § 2255 or other relief is not available or adequate").

Defendant has failed to offer any explanation why he could not have

pursued relief under § 2255.[2]  It is irrelevant that a § 2255 motion would have

_____

[1]We cite to unpublished opinions only for their persuasive power.

[2]In *Dawes* we appeared to hold that § 2255 relief was unavailable because
§ 2255 "provides only for vacation or correction of a *sentence*" and could not be
used to set aside a conviction.  895 F.2d at 1582.  But insofar as *Dawes* held that
§ 2255 cannot be used to overturn a conviction, it is not good law and we overrule
it.  Section 2255(a) may seem to support the view that § 2255 cannot be used to
attack a conviction because it merely permits a prisoner to "move the court which
(continued...)

been untimely by the time he filed his petition for a writ of *coram nobis*. *See Sines v. Wilner*, 609 F.3d 1070, 1073–74 (10th Cir. 2010) (§ 2255 is not inadequate or ineffective merely because district court, perhaps incorrectly, dismissed § 2255 motion as time-barred); *Matus-Leva v. United States*, 287 F.3d 758, 760–61 (9th Cir. 2002) (writ of error *coram nobis* requires that other remedies be unavailable; § 2255 relief is not unavailable merely because it is time-barred).

As for Defendant's actual-innocence claim, even if a colorable claim of actual innocence might be entitled to special treatment, his claim is not colorable. *See Schlup v. Delo*, 513 U.S. 298, 324 (1995) ("To be credible, [a claim of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence,

---

[2](...continued) imposed the sentence to vacate, set aside or correct the sentence." Section 2255(b), however, provides that if the court finds that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." Thus, "the term 'sentence' [in § 2255] has been regarded as a generic term including all of the proceedings leading up to the sentence." LaFave, *supra*, § 28.9(a) at 279. And, despite the language in *Dawes*, this court has repeatedly and consistently applied § 2255 to challenges to convictions. As we recently said in *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011), "§ 2255 will rarely be an inadequate or ineffective remedy to challenge a conviction."

We have circulated this footnote to the en banc court, which has unanimously agreed that to the extent any of our earlier cases can be viewed as inconsistent with our holding here, they are overruled.

trustworthy eyewitness accounts, or critical physical evidence . . . ."). Defendant states that he did not possess any drugs on the day of his arrest and that the police planted the drugs that they found. His only new "evidence," however, is the 2010 indictment of some law-enforcement officers in Tulsa because they planted drugs on other suspects. But he does not allege that the officers involved in his case were indicted, only that they had worked with the indicted officers.

## III. CONCLUSION

We AFFIRM the district court's denial of Defendant's motion for a writ of error *coram nobis*.