FILED
United States Court of Appeals
Tenth Circuit

November 22, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ANTONIUS HEIJNEN,

        Petitioner - Appellant,

v.

UNITED STATES OF AMERICA,

        Respondent - Appellee.

No. 11-2122
(D.C. No. 1:11-CV-00447-JB-LFG)
(D. New Mexico)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **HARTZ**, and **HOLMES**, Circuit Judges.

Petitioner Antonius Heijnen filed a petition under 28 U.S.C. § 1651 for either a writ of *coram nobis* or a writ of *audita querela*, seeking reversal and expungement of his federal-court convictions on several charges. Although the petition also stated that he sought "settlement for fraud by Government," R. at 40, he was not requesting that relief in this action, saying that he "will, ultimately, pursue his remedies for damages in an applicable court of law," *id.* at 12. The

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

district court dismissed the petition for lack of jurisdiction.  We affirm the dismissal. Petitioner failed to show that his remedy under 28 U.S.C. § 2255 was inadequate or ineffective.

## I.    BACKGROUND

In March 2005 a jury of the United States District Court for the District of New Mexico found Petitioner guilty on one count of conspiracy in violation of 18 U.S.C. § 371; one count of wire fraud in violation of 18 U.S.C. § 1343; three counts of money laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(I); and one count of money laundering in violation of 18 U.S.C. § 1957.  He appealed, and this court affirmed the conviction.  *See United States v. Heijnen*, 215 F. App'x 725 (10th Cir. 2007), *cert. denied*, 552 U.S. 1051 (2007).  Petitioner then filed a petition for a writ of error *coram nobis* in the district court.  The court entered an order providing Petitioner the opportunity to withdraw his petition rather than having it recharacterized as a motion under 28 U.S.C. § 2255.  Petitioner did not withdraw it; the court recharacterized it as a § 2255 motion and dismissed it as untimely.  Petitioner appealed that dismissal but then voluntarily dismissed his appeal.  He then petitioned the district court for either a writ of error *coram nobis* or a writ of *audita querela*, which the court denied.  He now appeals.

## II.    DISCUSSION

Contrary to Petitioner's suggestion, "[t]he exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that

provided for in 28 U.S.C. § 2255." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) (internal quotation marks omitted). Neither a writ of *coram nobis* nor a writ of *audita querela* is available unless § 2255 is inadequate or ineffective. *See United States v. Payne*, 644 F.3d 1111, 1112 (10th Cir. 2011) ("But even if Defendant's incarceration on the challenged conviction is not an absolute bar to relief under a writ of error *coram nobis*, he is not entitled to such relief unless relief under 28 U.S.C. § 2255 was unavailable or would have been inadequate."); *United States v. Torres*, 282 F.3d 1241, 1245 (10th Cir. 2002) ("[A] writ of audita querela is not available to a petitioner when other remedies exist, such as a motion to vacate sentence under 28 U.S.C. § 2255." (internal quotation marks omitted)); *see also* 3 Charles Alan Wright et al., Federal Practice and Procedure § 624 (4th ed. 2011) ("Coram nobis is unnecessary, and will not lie, if the defendant is in custody and has a remedy available under § 2255"; "[the writ of audita querela] is available only for objections that are not covered by other remedies. Not surprisingly . . . petitions for writs of audita querela are unlikely to succeed." (footnote omitted))

Petitioner, however, has raised no argument why § 2255 did not provide an adequate and effective remedy. Nor do we see any reason why it would be inadequate or ineffective. It is not inadequate or ineffective merely because a § 2255 motion would be untimely or barred as second or successive. *See Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999) (describing some of the

narrow circumstances in which § 2255 is inadequate or ineffective and recognizing that its gatekeeping requirements do not make it an inadequate or ineffective remedy). We need not decide whether Petitioner's petition fails on the merits or for lack of jurisdiction, because the petition was properly dismissed in either event.

## III. CONCLUSION

We AFFIRM the district court's order of dismissal. We DENY Petitioner's request to proceed *in forma pauperis*.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge