FILED
United States Court of Appeals
Tenth Circuit

December 6, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

RAMON MONTANO,

      Defendant - Appellant.

No. 11-2119
(D.C. Nos. 2:95-CR-00104-LH-3 and
1:10-CV-00916-LH-WPL)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **HARTZ**, and **HOLMES**, Circuit Judges.[**]

---

Petitioner Ramon Montano, a prisoner proceeding pro se, appeals from the

district court's dismissal of his petition for a writ of audita querela under the All

Writs Act, 28 U.S.C. § 1651. The district court dismissed Mr. Montano's motion

for Rule 52(b) relief and petition for a writ of audita querela as subsumed by 28

U.S.C. § 2255. The district court did not, and was not required to, recharacterize

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

the petition as arising under § 2255 because such a petition likely would have been time-barred. See United States v. Valadez-Camarena, 402 F.3d 1259, 1261 (10th Cir. 2005).

Mr. Montano was convicted of various federal drug offenses and sentenced to 30 years' incarceration in 1997. We affirmed his convictions on direct appeal. United States v. Montano, No. 97-2356, 1999 WL 110666 (10th Cir. Feb. 26, 1999). Mr. Montano now argues that his sentence, issued under mandatory guidelines, is unconstitutional.[1]

A writ of audita querela ("hear the complaint") challenges a judgment that was correct when entered but later rendered infirm. See United States v. Torres, 282 F.3d 1241, 1245 n.6 (10th Cir. 2002).[2] It is unavailable to Mr. Montano if he could have challenged his sentence under 22 U.S.C. § 2255. Id. at 1245. Mr. Montano claims "no statutory remedy is adequate or available," Aplt. Br. 2, but he does not explain why § 2255 is insufficient. Merely because such relief may be time-barred does not render § 2255 inadequate or unavailable. See Caravalho v. Pugh, 177 F.3d 1177, 1178 (10th Cir. 1999); Heijnen v United States, No. 11-2122, 2011 WL 5843642, at *2 (unpublished opinion) (affirming a similar

---

[1] Mr. Montano requested a certificate of appealability ("COA"), 28 U.S.C. § 2253(c)(1)(B), which the government opposed. However, a COA is not required as this is not a § 2255 appeal. Valadez-Camarena, 402 F.3d at 1259 n.1.

[2] The writ of audita querela was abolished by Federal Rule of Civil Procedure 60(e), but we have joined other circuits in assuming, without deciding, that it remains available under the All Writs Act. Torres, 282 F.3d at 1245 n.6.

dismissal on the merits).[3]

AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge

---

[3] Heijnen was an unpublished opinion, and we cite it only for its persuasive value. See Heijnen, 2011 WL 5843642; 10th Cir. R. 32.1.