DIAZ, Circuit Judge,
dissenting:
I agree with my colleagues that Indiana v. Edwards, 554 U.S. 164, 128 S.Ct. 2379, 171 L.Ed.2d 345 (2008) imparts discretion, not a duty, allowing district courts to apply a higher mental competency standard when deciding whether a defendant may waive his right to counsel. But the district court here simply was unaware of that discretion when it considered whether Bernard — who had a history of severe mental illness — should be allowed to proceed pro se. The majority nevertheless disclaims any error because Edwards permits a court to choose to apply the same competency standard to pro se defendants. But there can be no greater abuse of discretion than to reach a permissible result believing it to be mandatory, for that is not an act of discretion at all.
I respectfully dissent.[1]
I.
It is undisputed that Bernard has an extensive history of paranoid schizophrenia and depression, and that a psychologist certified that medical treatment — consisting of antipsychotic, antianxiety, and antidepressant drugs — restored his mental competency in the spring of 2010. But as the majority observes in passing, this mental health evaluation found Bernard competent to stand trial, not conduct one. Even then, the evaluation did so with qualification. It conveyed doubts that Bernard’s mental competency would persist, suggesting that his “history of noncompliance with prescribed treatment [would] almost certainly be a problem in the future.” J.A. 468. The psychologist also limited her recommendation to Bernard’s ability “to assist his attorney in his own defense if he chooses to do so.” J.A. 468.
Before the second competency hearing in this case, Bernard moved to proceed pro se, while defense counsel moved to withdraw from the case. Addressing Bernard’s competence to proceed pro se, counsel said the following to the district court:
There’s a case called United States v. Morano, ... which says that if they— the court uses the same standard in determining whether a defendant is competent to waive assigned counsel. And since that standard has been met, I believe that you could find that he is competent to waive counsel. And he does have a motion that he wants to bring to the court’s attention, that he wants to appear pro se and have me assigned as standby counsel.
J.A. 63. While it is unclear, counsel appeared to be referring to Godinez v. Moran, 509 U.S. 389, 113 S.Ct. 2680, 125 L.Ed.2d 321 (1993), which held that the same competency standard to stand trial governs when a district court considers whether a defendant may represent himself. After Edwards, however, it is now clear that courts may apply a higher standard of competency to “gray area” defen *595 dants seeking to waive their right to counsel. 554 U.S. at 172, 175, 128 S.Ct. 2379. At Bernard’s arraignment approximately one month later, counsel again misstated the law on this issue. J.A. 105.
The district court accepted counsel’s incorrect statement of the law and proceeded towards arraignment under the assumption that Bernard was competent to waive counsel and represent himself because he was competent to stand trial. Other than summarily concluding that Bernard had knowingly waived his right to counsel and that he would therefore be permitted to proceed pro se, the court did not reach an independent determination of Bernard’s competency to do so, stating only: “Well, I find him competent to stand trial.” J.A. 82 (emphasis added). But even after granting Bernard’s motion, and relegating Bernard’s former lawyer to standby counsel, the district court expressed doubt about Bernard’s competency to represent himself, stating, “I’m frank to say that I’m not real comfortable with this.” J.A. 82. Standby counsel expressed similar concern, telling the district court, “I’m just really worried about him, whether he’s really competent to waive the attorney issue.” J.A. 83.
These concerns proved prescient given Bernard’s performance during the trial. To put it charitably, Bernard did not manage his pro se defense well. He rambled during open and closing statements, and offered self-inculpatory explanations for his behavior on the night of November 5, 2007. Bernard cast himself as an undercover agent for the Brunswick County police, explaining that his criminal conduct was an elaborate ploy to attract police attention to the real drug traffickers that were present in the neighborhood. As one might have expected, the jury convicted Bernard.
II.
The majority, without discussion, applies plain error review to the question of whether Bernard should have been allowed to represent himself, despite the fact that for Bernard to have preserved the issue in the manner the majority expects, he would have had to (1) recognize his own mental infirmities, and (2) object to his own motion to proceed pro se.
Whether to apply plain error review in this context is an open question for this court, and our sister circuits have given different answers. Compare United States v. DeShazer, 554 F.3d 1281, 1288 (10th Cir.2009) (applying plain error review to challenge to pro se competency), and United States v. VanHoesen, 450 Fed. Appx. 57, 61 (2d Cir.2011) (unpublished) (same), with United States v. McBride, 362 F.3d 360, 365-66 (6th Cir.2004) (noting the open question of whether plain error or de novo review applies to challenges to a Faretta waiver), and United States v. Erskine, 355 F.3d 1161, 1166 (9th Cir.2004) (applying de novo review to challenges to Faretta waiver).
Plain error review applies only when a defendant fails to preserve his argument through a “contemporaneous objection.” See Fed.R.Crim.P. 51(b); United States v. Smith, 640 F.3d 580, 586 (4th Cir.), cert. denied, — U.S. -, 132 S.Ct. 430, 181 L.Ed.2d 279 (2011). Rule 51(b) provides: “If a party does not have an opportunity to object to a ruling or order, the absence of an objection does not later prejudice that party.” We have noted that the Federal Rules do not take a “formulaic approach” to the contemporaneous objection rule, see United States v. Lynn, 592 F.3d 572, 577 (4th Cir.2010), and other courts have declined a rigid application of the rule as well, see United States v. Gapinski, 561 F.3d 467, 473-74 (6th Cir.2009); Erskine, 355 F.3d at 1166.
*596 In Erskine, a defendant misinformed of the statutory maximum penalty at his Far-etta[2] colloquy challenged the validity of his waiver of counsel. The Ninth Circuit refused to apply plain error despite Ers-kine’s failure to object to the oversight by the. district court, reasoning that such review
is inapposite where a defendant has not yet been adequately informed of all the elements that he must take into account in making his decision to forgo counsel and where the error in question involves the failure to provide him with that information. Our requirements for reviewing the validity of a Faretta waiver are predicated on the fact that we do not expect pro se defendants to know the perils of self-representation, and consequently, we cannot expect defendants to recognize that they have not been correctly and fully advised, let alone to point out the court’s errors.
Erskine, 355 F.3d at 1166.
I find Erskine analogous to the situation at hand, and would therefore hold that when a defendant requests to proceed pro se at a competency hearing,[3] he has sufficiently put his competency at issue to preserve a claim of invalid waiver of counsel. In this special situation, it is paradoxical to expect a defendant to recognize his own “gray area” mental competency, and then object to his own motion to proceed pro se.
Because I agree with the majority that Edwards is properly read as conferring discretion rather than imposing a mandate, this court should review the district court’s decision not to apply a higher pro se competency standard for abuse of discretion. See United States v. Johnson, 610 F.3d 1138, 1145 (9th Cir.2010) (“Because Edwards holds that the Constitution ‘permits’ interfering with a Faretta request for ‘gray area’ defendants, it suggests an abuse of discretion standard.”); United States v. Berry, 565 F.3d 385, 389 (7th Cir.2009) (reviewing decision of whether “the court should not have allowed Berry to represent himself ... for an abuse of discretion.”).
III.
A.
There are two relevant mental competency standards that a district court may apply to a defendant seeking to represent himself. First, a court may apply the competency standard for a defendant to stand trial under Dusky v. United States, 362 U.S. 402, 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960) (per curiam), which asks whether a defendant has “sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding — and whether he has a rational as well as factual understanding of the proceedings against him.” Second, a court may apply a distinct competency standard for self-representation recognized by Edwards, 554 U.S. at 173-76, 128 S.Ct. 2379, which allows a district court to apply an undefined, higher standard to “gray area” defendants who may be competent to stand trial but not conduct one.
The district court believed that it was compelled, presumably under Godinez, to apply the Dusky competency standard to defendants seeking self-representation. *597 This exact issue was presented in VanHoe-sen, where a defendant challenged his waiver of counsel on the basis “that the district court was unaware of Edwards and mistakenly believed that it lacked discretion to prevent VanHoesen from representing himself.” 450 Fed.Appx. at 61. The Second Circuit concluded there was no error, but only in light of “the district court’s awareness that a defendant’s competence to represent himself may be different from his competence to stand trial.” Id. at 62. The decision depended not on whether Edwards permitted or required a different competency standard, but rather whether “the district court was oblivious to the Edwards distinction.” Id. at 62 n. 1.
Unlike VanHoesen, however, here the record supports the view that the district court was misled by counsel’s misstatement of the applicable law and was otherwise unaware of Edwards. As a result, the majority is incorrect to find no error in this case simply because the district court reached, in the majority’s estimation, a permissible result applying the wrong law. This result-oriented approach is inappropriate when reviewing a decision that is— as the majority acknowledges — discretionary.[4] See Kickapoo Tribe of Indians of the Kickapoo Reserv. in Kan. v. Babbitt, 43 F.3d 1491, 1497 (D.C.Cir.1995) (“The exercise of discretion contemplates reasoned decision making on the basis of relevant and appropriate considerations to the task at hand.”).
It is well established, irrespective of the result that a court reaches, that “[w]hen a court misapprehends or fails to apply the law with respect to underlying issues, it abuses its discretion.” Gunnells v. Healthplan Servs. Inc., 348 F.3d 417, 446 (4th Cir.2003); see also United States v. Brown, 415 F.3d 1257, 1266 (11th Cir.2005) (“An abuse of discretion can occur where the district court applies the wrong law....”). And it should go without saying that a court manifestly abuses its discretion when it does not even realize it has any. See United States v. Roberson, 517 F.3d 990, 995 (8th Cir.2008) (“[A] district court that is aware of an argument does not abuse its discretion by not considering it. When a district court does not consider an argument because it is unaware of its power to do so, however, a remand is appropriate.”).
We routinely apply these principles in the context of sentencing, where we have found an abuse of discretion when a court “did not understand that it had discretion to depart from the Guidelines.” United States v. Herder, 594 F.3d 352, 363 (4th Cir.2010); see also United States v. Brewer, 520 F.3d 367, 371 (4th Cir.2008) (“We lack the authority to review a sentencing court’s denial of a downward departure unless the court failed to understand its authority to do so.”).
The majority insists that we must “inter-prete ] Edwards to confer discretion, not to impose a new duty.” Maj. Op. at 590 n. 11. True enough in the abstract, but to grant a court discretion to choose either competency standard “A” or competency standard “B” means just that — a court has a choice. Here the district court did not choose to apply the same competency standard to pro se defendants. Rather, it felt constrained by its own mistaken understanding of the law to grant Bernard’s request to represent himself, despite (1) its own misgivings about the wisdom of that choice, and (2) ample evidence that would *598 have supported a contrary decision under Edwards. I cannot defer to the district court’s discretion here because the court did not, as a subjective matter, believe it had any. See Herder, 594 F.3d at 363. I would instead find that the district court abused its discretion and proceed to consider the remedy.
B.
In my view, the district court’s abuse of discretion under Edwards resulted in an invalid Faretta waiver, and as a result, violated Bernard’s Sixth Amendment right to counsel. See Iowa v. Tovar, 541 U.S. 77, 80-81, 124 S.Ct. 1379, 158 L.Ed.2d 209 (2004) (characterizing an invalid waiver of counsel as a violation of the Sixth Amendment right to counsel). Assessing the effect of this error is, I believe, inappropriate, because a defective Faretta waiver is per se prejudicial. See United States v. Venable, 373 Fed.Appx. 402, 402 (4th Cir.2010) (unpublished) (reversing and remanding an invalid waiver of counsel without assessing prejudice).
This is because an invalid waiver of counsel is tantamount to the complete deprivation of counsel, which the Supreme Court has recognized as structural error. See United States v. Gonzalez-Lopez, 548 U.S. 140, 149, 126 S.Ct. 2557, 165 L.Ed.2d 409 (2006) (“Such [structural] errors include denial of counsel ....” (citing Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963))). This analogy derives from Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), where counsel representing a petitioner on appeal for state court criminal convictions moved to withdraw on the basis that the appeal was meritless. The state appellate court granted the motion, denied petitioner’s motion to substitute new counsel, and “without the assistance of any advocacy for petitioner ... made its own examination of the record to determine whether petitioner received a fair trial and whether any grave or prejudicial errors occurred therein.” Id. at 79,109 S.Ct. 346 (internal quotations omitted).
Because there were meritorious issues for appeal, the Supreme Court concluded that the state appellate court ran afoul of Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). More importantly, the Court presumed prejudice on the basis that “the denial of counsel in this case left petitioner completely without representation during the appellate court’s actual decisional process. This is quite different from a case in which it is claimed that counsel’s performance was ineffective.” Penson, 488 U.S. at 88, 109 S.Ct. 346.
Our sister circuits have treated defective Faretta waivers as structural Sixth Amendment errors not amenable to any prejudice inquiry. See United States v. Forrester, 512 F.3d 500, 508 (9th Cir.2008) (“The failure to meet the requirements for a valid Faretta waiver constitutes per se prejudicial error, and the harmless error standard is inapplicable.” (internal quotations omitted)); United States v. Virgil, 444 F.3d 447, 456 (5th Cir.2006) (“[We] hold now, as our sister circuits have, that this type of Faretta error at trial is insusceptible to harmless error analysis.... ”); United States v. Salemo, 61 F.3d 214, 221 (3d Cir.1995) (“[W]e decline to engage in a harmless error analysis [where defendant did not validly waive counsel].”), overruled on other grounds by United States v. Turner, 677 F.3d 570 (3d Cir.2012); United States v. Allen, 895 F.2d 1577, 1580 (10th Cir.1990) (“Acceptance of an invalid waiver in violation of a defendant’s Sixth Amendment rights necessarily leaves him entirely without the assistance of counsel at trial.” *599 (internal quotations omitted)).[5]
In the same way, when a district court does not comprehend the full measure of its discretion under Edwards to safeguard a mentally ill defendant’s right to counsel, I would hold that the error is tantamount to a defective waiver of that right, which we should not test for prejudice. Instead, I would reverse the judgment and remand for a new trial.
I respectfully dissent.

. Because I would reverse the judgment on this basis alone, I do not discuss the other issues raised by Bernard’s appeal.

. Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).

. It is true that Bernard's counsel also failed to object and, in fact, bears substantial responsibility for the error. By this point in the proceedings, however, counsel had moved to withdraw in light of Bernard’s motion to proceed pro se. For all practical purposes then, it was Bernard who was making the operative decisions at the competency hearing.

. Of course, we frequently apply an outcome-centric analysis when determining whether an abuse of discretion prejudices a defendant. But as I explain later, that analysis is misplaced here, given my view that the error in question — an invalid waiver of counsel — is a structural defect defying any consideration of prejudice.

. The fact that Bernard enjoyed standby counsel does not cure the error. See Salerno, 61 F.3d at 222 ("[W]e do not believe that the district court's instruction for Salerno’s appointed counsel to serve as standby counsel during the sentencing is a sufficient substitute for obtaining a valid waiver of the right to counsel from the defendant.”).