FILED
**United States Court of Appeals**
**Tenth Circuit**

**June 4, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

WILLIAM I. WILSON,

    Defendant - Appellant.

No. 15-1055
(D.C. Nos. 1:14-CV-03104-KHV
and 1:08-CR-00263-KHV-1)
(D. Colo.)

_____

**ORDER DENYING A CERTIFICATE OF APPEALABILITY AND
DISMISSING THE APPEAL**
_____

Before **GORSUCH**, **McKAY**, and **BACHARACH**, Circuit Judges.
_____

Mr. William Wilson was convicted of bank fraud, aggravated identity theft, and fraudulent use of a Social Security number. Our court affirmed, and the Supreme Court denied certiorari in October 2013. Over a year later, Mr. Wilson filed a motion to vacate the sentence under 28 U.S.C. § 2255. But a one-year limitation period applied. *See* 28 U.S.C. § 2255(f) (2012). Because Mr. Wilson waited more than a year to file the motion, the district court ordered dismissal. Mr. Wilson appeals, urging tolling based on (1) lack of access to his legal files and (2) actual innocence. In addition, Mr. Wilson seeks leave to proceed in forma pauperis. We dismiss the appeal because any reasonable jurist would conclude that the habeas

petition was late. Because the appeal is frivolous, we deny Mr. Wilson's application for leave to proceed in forma pauperis.

## Request for a Certificate of Appealability

To appeal, Mr. Wilson needs a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2012). For the certificate, Mr. Wilson must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). This showing exists only if reasonable jurists could find the district court's rulings debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Laurson v. Leyba*, 507 F.3d 1230, 1232 (10th Cir. 2007). We conclude that no reasonable jurist could debate the timeliness of the habeas action.

## I.    Timeliness

Motions to vacate a sentence are ordinarily due one year from the date that the conviction had become final. 28 U.S.C. § 2255(f)(1) (2012). Mr. Wilson's conviction became final when the Supreme Court denied certiorari in October 2013. *United States v. Burch*, 202 F.3d 1274, 1276, 1278 (10th Cir. 2000). Thus, Mr. Wilson's motion would ordinarily have been due in October 2014. 28 U.S.C. § 2255(f)(1) (2012). Mr. Wilson filed his motion after October 2014; thus, we would ordinarily regard the motion as untimely.

## A.    Equitable Tolling

But Mr. Wilson urges equitable tolling. Equitable tolling was available only if Mr. Wilson could demonstrate that he had "diligently pursue[d] his claims" and "that the failure to timely file [had been] caused by extraordinary circumstances beyond his control." *United States v. Gabaldon*, 522 F.3d 1121, 1124 (10th Cir. 2008) (quoting *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir.2000)); *see also Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005) (explaining that the litigant bears the burden of establishing the elements required for equitable tolling).

We ordinarily engage in de novo review of summary dismissals based on timeliness. *See Perkins v. Kan. Dep't of Corrs.*, 165 F.3d 803, 806 (10th Cir. 1999). But we have created a special rule for equitable tolling, confining our review to the abuse-of-discretion standard. *Garrett v. Fleming*, 362 F.3d 692, 695 (10th Cir. 2004).

In considering whether the district court abused its discretion, we review Mr. Wilson's arguments for equitable tolling. Mr. Wilson argues that he needed his legal file to prepare his motion and he was unable to obtain that file until April 2014.

Mr. Wilson's allegations would not explain his failure to file a habeas petition by October 2014. When he admittedly obtained his legal file, he still had six months to file a habeas petition. *See, e.g.*, *Coppage v. McKune*, 534 F.3d 1279, 1282 (10th Cir. 2008) (holding that the district

3

court did not err in declining to permit equitable tolling when the movant had 50 days to file his § 2255 motion).

Mr. Wilson argues that he needed to conduct legal research. This argument lacks merit for two reasons. First, "he could raise only issues previously submitted in state court, so much of the research would already have been done." *Id.* Second, the local rules required use of a form motion, which did not require citation of cases. D.C.Colo.L.CivR 1.2, Forms— "Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255," at 4 ("You do not need to cite specific cases to support your claim(s)."). For both reasons, no reasonable jurist could find an abuse of discretion based on Mr. Wilson's desire to continue doing legal research after expiration of the one-year limitations period.

In these circumstances, the district court acted within its discretion in declining to apply equitable tolling.

## B. Actual Innocence

Mr. Wilson also argues that he is innocent. If Mr. Wilson is actually innocent, he would be entitled to equitable tolling even if he had failed to act diligently. *See Lopez v. Trani*, 628 F.3d 1228, 1230-31 (10th Cir. 2010).

But Mr. Wilson could avoid the limitations period only if the claim of innocence had been colorable. *See United States v. Payne,* 644 F.3d 1111, 1113 (10th Cir. 2011). For a colorable claim, Mr. Wilson had to

"support his allegations … with new reliable evidence—whether it [was] exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that [had not been] not presented at trial." *Schlup v. Delo,* 513 U.S. 298, 324 (1995). This evidence had to make it "more likely than not that no reasonable juror would have convicted [the defendant] in the light of the new evidence." *Id.* at 327.

The district court concluded that Mr. Wilson had not identified this kind of evidence. Mr. Wilson claims that evidence of his Washington Mutual Bank records would show he had never illegally applied for a bank credit card. But Mr. Wilson did not present the district court with any new evidence, and we have described the evidence of guilt as overwhelming. *United States v. Wilson*, 503 F. App'x 598, 609 (10th Cir. 2012). Thus, no reasonable jurist could fault the district court for its decision to reject the claim of actual innocence.

## II.   Conclusion

Accordingly, no reasonable jurist could debate the correctness of the district court's dismissal on the ground of timeliness. In these circumstances, we deny a certificate of appealability and dismiss the appeal.

### In Forma Pauperis

Mr. Wilson seeks not only a certificate of appealability, but also leave to proceed in forma pauperis. Because the appeal is frivolous, we

5

deny leave to proceed in forma pauperis. *See* 28 U.S.C. § 1915(a)(3) (2012).

Entered for the Court


Robert E. Bacharach
Circuit Judge