**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 28, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

LANCE LAMAR BURKS,

Defendant–Appellant.

No. 15-5103
(D.C. No. 4:01-CR-00028-TCK-1)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **MORITZ**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Appellant Lance Burks, a federal prisoner proceeding pro se, appeals the district court's denial of his motion for a writ of error *coram nobis*.

In July 2001, Appellant pled guilty to possessing more than five grams of crack cocaine with intent to distribute. In the plea agreement, the parties agreed

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Appellant would be sentenced to 240 months of imprisonment, which was within the applicable guideline range for Appellant's sentence as a career offender. In accordance with this agreement, the district court imposed a 240-month sentence. Appellant did not appeal his conviction or sentence, and he has never filed a motion under 28 U.S.C. § 2255 to vacate his conviction or sentence.

In 2015, Appellant filed the instant motion for a writ of error *coram nobis*, arguing he should not have been sentenced as a career offender because his prior state court drug offenses did not qualify as career offender predicates. The district court denied this motion, concluding that Appellant was not entitled to relief under a writ of error *coram nobis* because he had not shown that relief under § 2255 was unavailable or would have been inadequate.

We see no error in this conclusion. Appellant "has failed to offer any explanation why he could not have pursued relief under § 2255," and "[i]t is irrelevant that a § 2255 motion would have been untimely by the time he filed his petition for a writ of *coram nobis*." *United States v. Payne*, 644 F.3d 1111, 1113 (10th Cir. 2011). Thus, under our precedents it is clear that Appellant was not entitled to *coram nobis* relief. *See id.* To the extent Appellant attempts to base his request for a writ of error *coram nobis* on his claim that he was actually innocent of the career offender enhancement, "even if a colorable claim of actual innocence might be entitled to special treatment, his claim is not colorable." *Id.* Even if we were to recognize a claim of actual innocence for a noncapital

sentencing enhancement, we would not do so where, as here, the claim of innocence is based on an argument that the underlying convictions did not legally qualify as predicate offenses justifying the sentencing enhancement. This argument raises a claim of legal, rather than actual innocence, and thus makes no showing of actual innocence. *See Selsor v. Kaiser*, 22 F.3d 1029, 1036 (10th Cir. 1994).

We **AFFIRM** the district court's denial of Appellant's motion for a writ of error *coram nobis*. We also **DENY** Appellant's request for the appointment of counsel to represent him in this appeal. Appellant's motion to proceed *in forma pauperis* on appeal is **GRANTED**.

Entered for the Court


Monroe G. McKay
Circuit Judge