**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 7, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

　　　　Plaintiff-Appellee,

v.

WALTER ELIYAH THODY,

　　　　Defendant-Appellant.

No. 11-7059

(E.D. of Okla.)

(D.C. No. CR-91-00051-FHS )

---

**ORDER AND JUDGMENT**[*]

---

Before **O'BRIEN**, **McKAY**, and **TYMKOVICH**, Circuit Judges.[**]

---

Walter Eliyah Thody, a federal prisoner proceeding pro se, filed a petition

for a writ of coram nobis in the district court, seeking to overturn his 1991

conviction for using or carrying a firearm during a violent crime under 18 U.S.C.

§ 924(c)(1). The district court denied Thody's petition on both procedural and

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

substantive grounds. We have jurisdiction pursuant to 28 U.S.C. § 1291 and AFFIRM.

## I. Background

In July and August of 1991, Thody and an accomplice twice robbed the Cimarron Federal Savings Association in Muskogee, Oklahoma. During the July robbery, Thody brandished a gun and threatened the teller. During the August robbery, Thody did not display a gun, but pulled a gun from his waistband shortly after the robbery when police confronted him. Thody was convicted of two counts of bank robbery pursuant to 18 U.S.C. §§ 2 and 2113(a), one count of being a felon in possession of a firearm pursuant to § 922(g), two counts of using or carrying a firearm during a violent crime pursuant to § 924(c)(1), and one count of conspiracy pursuant to § 371. He was sentenced to 35 years and 5 months in prison.

Thody directly appealed his conviction, arguing among other things that there was insufficient evidence to support his second § 924(c)(1) conviction, but was unsuccessful. *United States v. Thody*, 978 F.2d 625 (10th Cir. 1992), *cert. denied*, 513 U.S. 907 (1994). Thody's co-defendant, Richard Scott McIntosh, also appealed his conviction and sentence but did not prevail. *United States v. McIntosh*, 999 F.2d 487 (10th Cir. 1993). McIntosh then filed a 28 U.S.C. § 2255 petition, which also failed. *United States v. McIntosh*, 172 F.3d 63 (10th Cir. 1999) (unpublished).

Thody never filed a § 2255 petition. Even after the United States Supreme Court held in 1995 that many § 924(c)(1) jury instructions improperly defined "use," Thody still did not file a § 2255 petition. *See Bailey v. United States*, 516 U.S. 137 (1995), *superseded by statute*, Pub. L. No. 105-386, 112 Stat. 3469 (1998).[1] He did not collaterally attack his conviction until May 19, 2011, when he filed a petition for a writ of coram nobis challenging his second § 924(c)(1) conviction.[2] The district court denied Thody's petition and this appeal followed.

## II. Discussion

Although Thody's original petition sought a writ of coram nobis, he now concedes this writ is inappropriate for the relief he seeks. He instead claims the district court should have construed his petition as a § 2255 motion. He also claims the district court should have construed the motion as having been filed shortly after *Bailey* was made retroactively applicable on collateral review to pre-*Bailey* § 924(c)(1) convictions. *Bousley v. United States*, 523 U.S. 614 (1998). On the merits, Thody claims his second § 924(c)(1) conviction should be reversed

---

[1] The 1998 amendment to § 924(c)(1) added the term "possess" in response to the Supreme Court's observation in *Bailey* that "had Congress intended possession alone to trigger liability under § 924(c)(1), it easily could have so provided" by using the word "possess." 516 U.S. at 143. *See United States v. O'Brien*, 130 S. Ct. 2169, 2179 (2010).

[2] Thody does not attack his other convictions in this appeal.

because there was no evidence he used a firearm during the second robbery. As we discuss, none of these arguments is persuasive.

## A. Writ of Coram Nobis or Audita Querela

When reviewing a denial of a coram nobis petition, we review questions of law de novo, but review the district court's decision to deny the writ for an abuse of discretion. *United States v. Mandanici*, 205 F.3d 519, 524 (2d Cir. 2000).

The district court correctly concluded that neither a writ of coram nobis nor a writ of audita querela is available here.[3] Common law writs such as these are extraordinary remedies that are appropriate only in compelling circumstances. *United States v. Denedo*, 556 U.S. 904, 129 S. Ct. 2213, 2224 (2009).

Petitions relying on these writs must meet a number of requirements before they can use them. For example, petitioners must demonstrate due diligence in bringing their claims, that other remedies are unavailable or inadequate, and that the underlying trial error was fundamental, meaning the error resulted in a

---

[3] Writs of coram nobis and audita querela were used at common law to attack infirm judgments. *United States v. Torres*, 282 F.3d 1241, 1245 n. 6 (10th Cir. 2002). A writ of coram nobis was used to attack judgments that were infirm when issued, for reasons discovered later. *Id.* (internal quotation omitted). A writ of audita querela, by contrast, was used to attack judgments that were correct when issued but rendered infirm by later matters. *Id.* (internal quotation omitted). Rule 60(b) of the Federal Rules of Civil Procedure abolished both writs, but the Supreme Court later held that the writ of coram nobis was still available in the criminal context. *United States v. Morgan*, 346 U.S. 502 (1954). It is an open question whether the writ of audita querela is similarly available, but this court has previously assumed it is available without deciding that it is. *Torres*, 282 F.3d at 1245 n. 6.

complete miscarriage of justice. *United States v. Morgan*, 346 U.S. 502, 511–12 (1954); *Embrey v. United States*, 240 F. App'x. 791, 793–94 (10th Cir. 2007). Further, "a prisoner may not challenge a sentence or conviction for which he is currently in custody through a writ of coram nobis." *United States v. Torres*, 282 F.3d 1241, 1245 (10th Cir. 2002).

Thody does not meet any of these requirements. He is currently in custody for the conviction he is challenging. He cannot demonstrate diligence in pursuing his claim when he waited 15 years after the Supreme Court's decision in *Bailey* to file his petition. He claims he was blocked by a fraudulent detainer, but for reasons discussed below, he fails to establish that the detainer actually prevented him from pursuing his claim. Thody also cannot demonstrate that other relief is unavailable. Because he seeks to collaterally attack his conviction, a § 2255 motion is the proper vehicle for relief. *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965) (per curiam). The fact that a § 2255 motion is now untimely does not mean the unavailability requirement has been met. *United States v. Payne*, 644 F.3d 1111, 1113 (10th Cir. 2011).

Thody also does not claim he is factually innocent of carrying a gun in violation of § 924(c)(1). He merely claims that he did not use a firearm during the second robbery. *See United States v. Bustillos*, 31 F.3d 931, 934 (10th Cir. 1994) (holding that coram nobis petitioner must assert actual innocence). Thody ignores the "carry" prong of § 924(c)(1), under which there was sufficient

-5-

evidence to convict him.[4]  In sum, the district court did not abuse its discretion

when it denied Thody both a writ of coram nobis and a writ of audita querela.

### B.  28 U.S.C. § 2255 Motion

Thody also asserts that because he is pro se, the district court should have

construed his petition as a § 2255 motion.  Although Thody requested in his reply

brief below that the district court construe his motion into "whatever form of

remedy might be appropriate to accomplish justice," R., Vol. I at 186, in his

opening brief below, Thody specifically argued that a § 2255 motion was

unavailable to him.  The district court did not address whether Thody's petition

should be construed as a § 2255 motion, other than noting that Thody was time-

barred under § 2255(f)(3) from bringing such a motion.

Courts have a duty to construe pro se motions liberally.  *Ledbetter v. City*

*of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).  Despite this duty, "it is

[not] the proper function of the district court to assume the role of advocate for

the pro se litigant."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

"When a defendant pursues a particular theory . . ., but fails to raise another

closely related argument, he has forfeited the argument."  *United States v. Lewis*,

594 F.3d 1270, 1288 (10th Cir.), *cert. denied*, 130 S. Ct. 3441 (2010) (internal

---

[4]  Thody admitted as much in his reply brief to the trial court, where he stated "while evidence was sufficient to infer that defendant had carried a firearm (second prong) during the August 29, 1991 bank event, there was NO evidence of any first prong use thereof...."  R., Vol. I at 188.  The carry prong of § 924(c)(1) is discussed in more detail below.

quotation omitted). In such cases, we review only for plain error and will reverse only if "(1) there is . . . error, (2) [the error] is plain, (3) [the error] affects substantial rights, and (4) [the error] seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotation omitted). Thody's pleadings below sought a writ of coram nobis and acknowledged that he could not file a § 2255 motion. Given this, we cannot conclude the district court should have construed Thody's pleadings as a § 2255 motion, however liberally it read them. Thus we review Thody's § 2255 claim for plain error only.

The district court did not plainly err by failing to construe Thody's petition as a § 2255 motion. First, regardless of how the district court characterized Thody's pleadings, it considered and rejected his substantive claims. It did not deny Thody's petition solely on procedural grounds. Instead, the district court examined the merits of Thody's claims and determined that, whatever form of relief his pleadings sought, Thody was not entitled to that relief.

In addition, the district court correctly concluded that any § 2255 motion Thody might file would be untimely. A one-year limitations period applies to § 2255 motions under § 2255(f). For purposes of Thody's appeal, this period began to run on "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. . . ." 28 U.S.C.

§ 2255(f)(3). This court held on August 20, 1996, that the Supreme Court's holding in *Bailey* was retroactively applicable. *United States v. Barnhardt*, 93 F.3d 706, 709 (10th Cir. 1996). The Supreme Court reached the same conclusion on May 18, 1998. *Bousley*, 523 U.S. at 621. Even taking the later of these two dates as the beginning of the limitations period, Thody had to file any § 2255 motion by May 18, 1999. Thody is thus barred from filing a § 2255 motion. The district court did not err—let alone plainly err—by failing to construe Thody's pleadings as an untimely § 2255 motion. *Cf. United States v. Martin*, 357 F.3d 1198, 1199 (10th Cir. 2004) (holding harmless district court's failure to notify appellant it construed his pleadings as a § 2255 motion because the motion was untimely).

To avoid this obvious conclusion, Thody claims the district court should have construed his § 2255 motion as though he filed it before the limitations period expired. Thody did not raise this argument before the district court, so we review it for plain error. *Lewis*, 594 F.3d at 1288.

Thody does not cite any authority in support of this extraordinary remedy. His only argument is that the district court should have done so because the Muskogee County Sheriff filed a fraudulent detainer against him in 1992 that was not withdrawn until 2011. He claims he did not file a § 2255 motion because the

detainer made doing so futile; even if he had succeeded, he would merely have been transferred into state custody to serve a state sentence.[5]

Construing his pleadings liberally, we interpret Thody to claim that the district court should have calculated his limitations period as beginning when the supposedly fraudulent detainer was removed per § 2255(f)(2),[6] or in the alternative, that the district court erred by failing to toll the start of the limitations period. *See Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (holding that equitable tolling is applicable to AEDPA's one-year limitations period).

The district court did not plainly err under either theory. As to the first, Thody has not shown this detainer prevented him from filing a § 2255 motion. Even if we accept his allegation about the detainer, it does not excuse his failure to act. By Thody's own admission, the detainer did not prevent him from filing a § 2255 motion. He instead claims that he *chose* not to file a § 2255 motion because

---

[5] Thody discussed this allegedly fraudulent detainer only in his reply brief to the district court. He did so to prove he met the diligence requirement for a writ of coram nobis. Thody did not argue to the district court that this detainer was grounds for the court to construe his motion as a timely § 2255 motion.

[6] This section provides:
(f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —
* * *
(2) the date on which the impediment to making a
motion created by governmental action in violation of
the Constitution or laws of the United States is removed,
if the movant was prevented from making a motion by
such governmental action;

even if he were successful, he would merely have been transferred from federal to state custody. This does not demonstrate that Thody was actually prevented from filing a § 2255 motion, as § 2255(f)(2) requires.

As for the second theory, Thody has not shown that he even qualifies for equitable tolling, let alone that the district court's failure to grant it *sua sponte* was plain error. For equitable tolling to apply, a movant must demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (internal quotation omitted). As discussed, Thody did not diligently pursue his rights. Again, the existence of this detainer does not establish that Thody was actually prevented from filing a § 2255 motion.

We decline to construe this detainer as the sort of extraordinary circumstance necessary to equitably toll Thody's limitations period. Accordingly, the district court did not err, plainly or otherwise, when it concluded Thody's limitations period for a § 2255 motion had expired.

**C. The Merits**

The district court also considered and rejected Thody's petition on the merits. Thody claims this was in error because no evidence established his use of a gun during the second robbery. Thus he argues that under *Bailey*, he could not be convicted of a second§ 924(c)(1) violation. *Bailey* does not compel this result.

"[A]ny person who, during and in relation to any crime of violence or drug trafficking crime ... uses or carries a firearm" violates § 924(c)(1). In *Bailey*, the Supreme Court held defendants could not be convicted of violating the "use" prong if the evidence showed only that they possessed or had access to a firearm. 516 U.S. at 143. *Bailey* did not hold that a defendant violates § 924(c)(1) only if he both used *and* carried a firearm. *Id.* at 146. On the contrary, "a firearm can be carried without being used." *Id.* The "carry" prong "brings some offenders who would not satisfy the 'use' prong within the reach of the statute." *Id.* at 150.

*Bousley* held that a defendant convicted of violating § 924(c)(1) under an improper "use" instruction could collaterally attack his sentence only by showing his actual innocence of the charged violation. 523 U.S. at 614. This requires Thody to show that, "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Id.* at 623. Put another way, "*Bailey* claims are foreclosed if the evidence was legally sufficient to convict for carry." *United States v. Leopard*, 170 F.3d 1013, 1016 (10th Cir. 1999) (per curiam).

Thody was charged with two counts of "knowingly us[ing] and carr[ying] certain firearms . . . during and in relation to a crime of violence." R., Vol. I at 19–20. His jury was instructed that "whoever, during and in relation to any crime of violence uses or carries a firearm, shall be guilty of an offense against the law

of the United States."[7]  R., Vol. II at 485.  The instructions explained that "the 'using or carrying' of a firearm element is satisfied when a defendant has ready access to the firearm, and the firearm is an integral part of his criminal undertaking, and [its] availability increased the likelihood that the criminal undertaking would succeed."  *Id.* at 486.

The government concedes this "use" definition was improper.  But the district court found "carry" was properly defined and concluded the evidence was sufficient to uphold the jury's verdict under the "carry" prong.  We agree with the district court's analysis.  This court previously held an instruction identical to this one proper as to "carry."  *United States v. Emberson*, 133 F.3d 933 (10th Cir. 1998) (unpublished).  Thody does not argue this "carry" definition was flawed. We thus conclude Thody's jury was correctly instructed as to "carry."

That being so, Thody's second § 924(c)(1) conviction was proper.  This court already determined there was sufficient evidence Thody carried a gun during the second robbery.  *Thody*, 978 F.2d at 630.  The evidence established that Thody displayed a firearm during the first robbery, employed an "essentially identical"

---

[7]  Thody complains repeatedly about the use of the conjunctive "use and carry" in his indictment.  He appears to argue that because the charge was stated in the conjunctive, he could not be convicted absent proof he both used and carried a firearm.  But as the district court found, the jury instructions correctly stated that the standard was the disjunctive "use or carry," curing any defect in his indictment.  *See United States v. Lott*, 310 F.3d 1231, 1246 (10th Cir. 2002) (holding that use of conjunctive in an indictment charging a § 924(c)(1) violation is not in error where jury instructions properly state the charge in the disjunctive).

*modus operandi* during the second robbery, pulled a pistol from his waistband minutes after the second robbery when confronted by police, and fired several shots during a resulting high-speed chase. *Id.* "[T]he jury could rationally infer from [this] evidence that Thody had his pistol with him the entire time." *Id.*

Second, Thody is unable to demonstrate his actual innocence of a § 924(c)(1) violation. Thody repeatedly claims he did not use a firearm during the second robbery, but admits "[t]he facts as determined at trial established ONLY one prong of the Indictment's two pronged Count 5 charge; that of carrying...." Aplt. Br. at 4. He admitted this to the district court as well. Thody seems to believe *Bailey* requires proof of both use and carry to sustain a § 924(c)(1) conviction, but *Bailey* explicitly held either prong is sufficient. 516 U.S. at 151.

Because Thody admits the evidence was sufficient to sustain his conviction under the "carry" prong, he cannot demonstrate that he is actually innocent of violating § 924(c)(1). The district court thus correctly denied his petition on the merits, regardless of the form of relief sought.

## III. Conclusion

For the foregoing reasons, we AFFIRM the district court's denial of Thody's Petition for a Writ of Coram Nobis. Accordingly Thody's implied request to

reconstruct a § 2255 petition is DENIED. His Motion to Expedite is also

DENIED.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge