[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-12458
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 14, 2012
JOHN LEY
CLERK

D. C. Docket No. DEA-O : 10-18


SUN & LAKE PHARMACY, INC.,
d/b/a The Medicine Shoppe,

                                                                        Petitioner,


versus


DRUG ENFORCEMENT ADMINISTRATION,

                                                                        Respondent.



_____

Petition for Review of a Decision of the
Drug Enforcement Agency
_____

(February 14, 2012)

Before TJOFLAT, BARKETT and ANDERSON, Circuit Judges.

PER CURIAM:

Before the court is a petition for the review of a decision of the

Administrator of the Drug Enforcement Administration ("DEA")[1] revoking the registration of Sun & Lake Pharmacy, Inc. ("Sun & Lake") to dispense controlled substances for engaging in conduct inconsistent with the public interest, 21 U.S.C. § 824(a). *Sun & Lake Pharmacy, Inc., d/b/a/ The Medicine Shoppe; Revocation of Registration*, 76 Fed. Reg. 24,523 (Drug Enforcement Administration May 2, 2011), 2011 WL 1627777 (F.R.). The case was tried before an administrative law judge on the DEA's order to show cause ("OSC") why Sun & Lake's registration to dispense controlled substances should not be revoked on the ground that in 2006 and 2007 Sun & Lake engaged in an Internet drug distribution scheme.

The Government proved the allegations of the OSC though testimony and documentary evidence. Sun & Lake's case consisted of cross-examining the Government's witnesses; Sun & Lake introduced no evidence. At the end of the day, the ALJ found that Sun & Lake's principals, including Patricia Fosu who refused to testify,[2] "had ample reason to know that the prescriptions [Sun & Lake] filled . . . were issued outside the course of professional practice and lacked a legitimate medical purpose for multiple reasons." *Id.* at 24,531. The ALJ also found that Sun & Lake was engaged in the unauthorized practice of pharmacy in

---

[1] We have jurisdiction to entertain this petition under 21 U.S.C. § 877.

[2] Fosu was Sun & Lake's manager. She invoked her Fifth Amendment right not to testify when the Government called her as a witness.

several states in addition to Florida by filling prescriptions and shipping controlled substances to residents of those states without holding the appropriate pharmacy license or permit. *Id.* at 24,532. The Administrator adopted the ALJ's findings in large part and recommendation that Sun & Lake' registration be revoked, and so ordered. *Id.* at 24,533.

The questions here are: whether substantial evidence supports the Administrator's findings that Sun & Lake unlawfully dispensed controlled substances and whether the decision to revoke was arbitrary and capricious. After examining the relevant part of the record and the parties' briefs, we conclude that the  answers are clear. The Administrator's findings are supported by substantial evidence, and the Administrator's decision is not arbitrary and capricious.

AFFIRMED.