FILED
United States Court of Appeals
Tenth Circuit

March 4, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JERRY L. LESTER,

Defendant - Appellant.

No. 13-3278
(D.C. No. 2:06-CR-20151-JWL-1)
(D. Kansas)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **ANDERSON**, and **BACHARACH**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

Defendant and appellant, Jerry L. Lester, proceeding *pro se*, appeals the denial of his petition for a writ of error *coram nobis*.  For the following reasons, we affirm.

## BACKGROUND

Mr. Lester does not dispute the basic facts, as stated by the district court in its Memorandum and Order in which it denied his request for a writ of error *coram nobis*.  We accordingly take the basic facts from that order:

> In March 2006, agents with the Bureau of Alcohol, Tobacco, Firearms and Explosives received information that defendant Jerry Lester had corresponded via email with an individual in Germany named Clause Chownietz regarding the sale of a firearm silencer in May 2005.  Over the course of six emails between these two parties, Mr. Lester confirmed that the silencer was still for sale, the amount charged for shipping to his address in Kansas, and Mr. Chownietz's mailing address to which Mr. Lester could send the funds.  Based on these emails, agents began investigating Mr. Lester and the scope of that investigation expanded to include the possibility that Mr. Lester had made false statements when he filled out the ATF forms related to a firearm purchase in February 2006 at a local pawn shop.  In obtaining a search warrant for Mr. Lester's home and office, agents indicated, among other details, that other ATF agents had successfully purchased a firearm silencer from the German individual.  Ultimately, agents discovered and seized six firearms, over 10,000 rounds of ammunition and drug paraphernalia.  The agents did not discover a firearm silencer.
>
> In February 2007, Mr. Lester was convicted by a jury of making false statements to acquire firearms and using a controlled substance in possession of firearms.  He was sentenced to 27 months' imprisonment.  Mr. Lester's conviction and sentence were affirmed by the Tenth Circuit. United States v. Lester, 285 Fed. Appx 542 (10th Cir. 2008).

Mem. & Order at 1-2; R. Vol. 1 at 169-70.  Mr. Lester has by now completed his sentence of incarceration and supervised release.

On May 31, 2011, Mr. Lester filed a Petition for a Writ of Error Coram Nobis in the federal district court.  He alleged several grounds of error, including that he was denied his counsel of choice under the Sixth Amendment, and that the district court erroneously failed to consider 18 U.S.C. § 3501 in admitting his confession at his trial.[1]  On July 28, 2011, the district court denied his motion, finding that he had not satisfied the stringent standards for relief under *coram nobis*.  Mr. Lester appealed, and our court affirmed the district court's denial. United States v. Lester, 453 Fed. Appx. 810 (10th Cir. 2011) (unpublished).  In particular, we stated that, "[a] writ of error coram nobis cannot issue when another remedy was adequate and available," and Mr. Lester "failed to show that he could not have raised his § 3501 argument on direct appeal or in a motion under 28 U.S.C. § 2255."  Id. at 811.

On August 15, 2013, Mr. Lester filed the instant Petition for Writ of Error Coram Nobis.  He claimed that, based on a Google search he conducted himself, he had discovered information suggesting that Mr. Chowanietz had defrauded several of his customers of money from the time before Mr. Lester was indicted until 2012.  He attached the results of his Google search, which consisted of

---

[1]18 U.S.C. § 3501 concerns the "Admissibility of confessions" in criminal prosecutions by the United States, and specifies how the trial judge determines the voluntariness of a confession.

various postings on websites in which people complained abut Mr. Chowanietz. He thus argued that this "new evidence" showed that the "government's case-in-chief is lacking in indicia of reliability" and is "no more than a recent fabrication." Petition at 5; R. Vol. 1. He claimed that this information showed that Mr. Chowanietz was "an international thief who offers air gun and firearm accessories for sale on the internet and when he receives payment for an item he takes and keeps the buyers' money and does not mail them the item, thus perpetrating the fraud." Id. at 6. Mr. Lester argued that Mr. Chowanietz's fraud upon many of his customers qualified as exculpatory evidence that the government should have disclosed to him under Brady v. Maryland, 373 U. S. 83 (1963). He thus sought to have his conviction vacated.

The district court denied his petition on November 1, 2013. The court denied relief because: (1) "information was presented to the jury (and provided to Mr. Lester during discovery) that other individuals had inquired or purchased suspicious items from Mr. Chowanietz over a period of time"; (2) "no Brady violation can be established because, among other things, the information identified by Mr. Lester is readily available to the public by virtue of the very Google search that Mr. Lester conducted"; (3) "many of the emails identified by Mr. Lester reflect posting dates well after the trial date such that the government obviously could not have produced them prior to trial"; and (4) "Mr. Lester has not shown how such information would have been admissible or relevant to the

charges against him." Mem. & Order at 2-3; Supp. Vol. 1. Mr. Lester appeals

that order.

## DISCUSSION

"When reviewing a denial of a coram nobis petition, we review questions of

law de novo, but review the district court's decision to deny the writ for an abuse

of discretion." United States v. Thody, 460 Fed. Appx. 776, 778 (10th Cir. 2012)

(unpublished).[2] "A district court abuses its discretion when it renders a judgment

that is arbitrary, capricious, whimsical, or manifestly unreasonable." United

States v. Lewis, 594 F.3d 1270, 1277 (10th Cir. 2010) (quotation omitted).

*Coram nobis* is an "extraordinary remedy" to be invoked "only under

circumstances compelling such action to achieve justice." United States v.

Morgan, 346 U.S. 502, 511 (1954). "[T]he burden is on the petitioner to

demonstrate that the asserted error is jurisdictional or constitutional and results in

a complete miscarriage of justice." Klein v. United States, 880 F.2d 250, 253

(10th Cir. 1989).

Moreover, Mr. Lester is not entitled to a writ of *coram nobis* "unless relief

under 28 U.S.C. § 2255 was unavailable or would have been inadequate." United

States v. Payne, 644 F.3d 1111, 1112 (10th Cir. 1011). That Mr. Lester failed to

_____

[2]We do not normally cite unpublished decisions of this circuit, but we cite this one because it provides a recent, accurate and comprehensive statement of circuit authority.

obtain relief "does not establish that the *remedy* so provided [was] either inadequate or ineffective." Prost v. Anderson, 636 F.3d 578, 585 (10th Cir. 2011) (quotation omitted).

As the government notes, a petition for a writ of *coram nobis* provides a way to collaterally attack a criminal conviction for a person, like Mr. Lester, who is no longer "in custody" and therefore cannot seek habeas relief under 28 U.S.C. § 2255 or § 2241. See Morgan, 346 U.S. at 507. It is, however, an extraordinary remedy, available "only under circumstances compelling such action to achieve justice." Id. at 511.

We conclude that Mr. Lester has failed to show that the district court abused its discretion in denying his petition for a writ of *coram nobis*. And the district court's own reasoning, as stated above, provides ample support for that conclusion. As the court stated, information was in fact presented to the jury that other individuals had purchased suspicious items from Mr. Chowanietz over a period of time. Furthermore, no Brady violation could be established because, *inter alia*, the information identified by Mr. Lester is readily available to the public, as evidenced by Mr. Lester's Google search, and therefore was in no way "withheld" by the government. Additionally, much of the "information" identified by Mr. Lester in his Google search bore identifying dates indicating that it was posted on the internet long *after* the trial date, and could therefore hardly have been revealed pre-trial to Mr. Lester. Finally, Mr. Lester has not

shown how any of the allegedly "new" information would have been admissible or relevant, under <u>Brady</u>, to any of the charges against him. Mr. Lester has moreover failed to show why much of this information could not have been raised in a § 2255 motion or, for that matter, on direct appeal.

In short, Mr. Lester has failed to demonstrate entitlement to the extraordinary remedy of a writ of *coram nobis*.

## CONCLUSION

For the foregoing reasons, we AFFIRM the district court's denial of Mr. Lester's petition.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge