**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

GONZALO GOMEZ,

      Petitioner - Appellant,

v.

LINDA MACGREW; THE ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

      Respondents – Appellees.

No. 14-1347
(D.C. No. 1:13-CV-02979-LTB)
(D. Colorado)

ORDER AND JUDGMENT[*]

Before **GORSUCH**, **MURPHY** and **McHUGH**, Circuit Judges.

After examining Appellant's brief and the appellate record, this panel has

determined unanimously that oral argument would not materially assist the determination

of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

On October 30, 2013, Petitioner Gonzalo Gomez, appearing pro se, filed a Motion

to Vacate, and Request for Expedited Hearing, Under 28 U.S.C. § 1651, Writ of Error

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Coram Nobis, the All Writs Act. Mr. Gomez sought to challenge the validity of two state court drug convictions (State Convictions). At the time of filing, Mr. Gomez was incarcerated in the United States Penitentiary at Victorville in Adelanto, California, on unrelated federal charges. The district court issued an order directing Mr. Gomez to cure deficiencies in his filing. Specifically, the district court informed Mr. Gomez that any challenge to the State Convictions must be brought in a habeas corpus action, and it therefore ordered Mr. Gomez to amend his filing to comply with the requirements of 28 U.S.C. § 2254.

In accordance with the district court's instructions, Mr. Gomez filed an amended petition pursuant to § 2254. In his amended filing, Mr. Gomez conceded that the sentences imposed for the State Convictions were long expired. The State filed a pre-answer response, arguing the district court lacked jurisdiction because Mr. Gomez was not in custody under the convictions he was challenging, as required by 28 U.S.C. § 2254(a). *See Maleng v. Cook*, 490 U.S. 488, 490–91 (1989) (requiring that a "habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed"). In his reply brief, Mr. Gomez argued he satisfied the "in custody" requirement because the State Convictions were used to enhance the unrelated federal sentence he was then serving in California. Relying on the Supreme Court's ruling in *Maleng*, the district court rejected Mr. Gomez's claim that he had satisfied the "in

custody" requirement and dismissed the petition for lack of jurisdiction.[1] *See* 490 U.S. at 491 ("In this case, the Court of Appeals held that a habeas petitioner may be 'in custody' under a conviction whose sentence has fully expired at the time his petition is filed, simply because that conviction has been used to enhance the length of a current or future sentence imposed for a subsequent conviction. We think that this interpretation stretches the language 'in custody' too far."). Mr. Gomez appeals.[2]

On appeal, Mr. Gomez argues the district court erred when it directed him to refile his petition for writ of coram nobis as a petition for habeas corpus pursuant to § 2254.[3]

---

[1] The district court also declined to issue a certificate of appealability. As explained below, Mr. Gomez's appeal does not proceed under 28 U.S.C. § 2254. As such, he is not required to obtain a certificate of appealability prior to invoking this court's appellate jurisdiction. *See* 28 U.S.C. § 2253(c)(1) (directing that "an appeal may not be taken to the court of appeals from . . . the final order *in a habeas corpus proceeding* in which the detention complained of arises out of process issued by a State court" unless the petitioner first obtains a certificate of appealability (emphasis added)).

[2] The district court entered judgment against Mr. Gomez on July 25, 2014. Thirty-four days later, on August 28, 2014, the district court docketed Mr. Gomez's pro se notice of appeal. *See* Fed. R. App. P. 4(a)(1)(A), (C) (indicating notice of appeal must be filed within thirty days of entry of judgment for an appeal from a denial of a writ of coram nobis). On jurisdictional review, this court issued an order to show cause why Mr. Gomez's appeal should not be dismissed as untimely under Rule 4 of the Federal Rules of Appellate Procedure. In response, Mr. Gomez submitted a sworn declaration invoking the "prison mailbox rule" pursuant to Rule 4(c)(1) and 28 U.S.C. § 1746. Mr. Gomez declared that he deposited his notice of appeal in the prison mailing system on August 23, 2014, within the thirty-day timeframe for a timely appeal. Accordingly, Rule 4 poses no bar to our appellate jurisdiction in this matter.

[3] Because Mr. Gomez appears before the court pro se, we will construe his arguments liberally, but will not step into the role of advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

He asserts a writ of coram nobis was the correct vehicle to challenge the State

Convictions after the sentences for those convictions had expired. Generally, the writ of

coram nobis allows a convict to attack the validity of a conviction for which he is no

longer in custody. *See Rawlins v. Kansas*, 714 F.3d 1189, 1196 (10th Cir. 2013); *see also*

*United States v. Morgan*, 346 U.S. 502, 510–11 (1954) (explaining the writ of coram

nobis allows a convict to attack a conviction when relief is otherwise precluded by the "in

custody" requirement of 28 U.S.C. § 2255). The district court erred in directing Mr.

Gomez to refile his petition for writ of coram nobis as a petition for habeas corpus relief

because, as the district court itself noted, Mr. Gomez cannot seek habeas relief from the

State Convictions for which he is no longer in custody. But for this erroneous instruction

from the district court, Mr. Gomez's suit would have proceeded solely as a petition for

writ of coram nobis. Accordingly, we will construe Mr. Gomez's argument on appeal as

challenging the district court's effective denial of his petition for writ of coram nobis.

"When reviewing a denial of a coram nobis petition, we review questions of law

de novo, but review the district court's decision to deny the writ for an abuse of

discretion." *United States v. Lester*, 557 F. App'x 788, 791 (10th Cir. 2014)

(unpublished) (internal quotation marks omitted).[4] In this case, the district court

effectively denied Mr. Gomez's petition for writ of coram nobis because it erroneously

concluded that his claims for relief could only be brought pursuant to a habeas corpus

---

[4] Though we do not usually cite unpublished dispositions of this circuit, we do so here because it provides a recent and accurate statement of circuit authority.

petition under § 2254. This legal error constituted an abuse of discretion that would usually mandate reversal. *See Flood v. ClearOne Commc'ns, Inc.*, 618 F.3d 1110, 1118 (10th Cir. 2010) (holding that a district court's ruling based on legal error constitutes an abuse of discretion).

Nonetheless, we affirm the district court's dismissal of Mr. Gomez's petition for writ of coram nobis on an alternative ground apparent from the record. *See United States v. Sandoval*, 29 F.3d 537, 542 n.6 (10th Cir. 1994) ("We are free to affirm a district court decision on any grounds for which there is a record sufficient to permit conclusions of law, even grounds not relied upon by the district court." (internal quotation marks omitted)). It is the long-settled law of this circuit that "federal courts have no jurisdiction to issue writs of coram nobis with respect to state criminal judgments." *Rawlins*, 714 F.3d at 1196 (internal quotation marks omitted). Although the All Writs Act permits federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law," 28 U.S.C. § 1651(a), we have long looked to the common law to determine which writs are "agreeable to the usages and principles of law," *Rawlins*, 714 F.3d at 1196 (internal quotation marks omitted). "[T]he common law scope of coram nobis was a writ from the judgment-issuing court to itself, granting itself power to reopen that judgment. It is not a writ that one court may issue to another." *Id.* Thus, because the State Convictions were not issued by any federal court, no federal court has jurisdiction to reexamine them through a writ of coram nobis.

For the above reasons, we VACATE the judgment of the district court and REMAND this case to the District of Colorado with instructions to dismiss Mr. Gomez's petition for writ of coram nobis for lack of jurisdiction. Further, we GRANT Mr. Gomez's motion for leave to proceed in forma pauperis.

ENTERED FOR THE COURT


Carolyn B. McHugh
Circuit Judge