**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 16, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JERRY L. LESTER,

    Defendant - Appellant.

No. 15-3009
(D.C. No. 2:06-CR-20151-JWL-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, **HOLMES**, and **McHUGH**, Circuit Judges.
_____

Jerry L. Lester, proceeding pro se, appeals the district court's denial of his petition for a writ of error *coram nobis*. We affirm.

In 2007, a jury convicted Mr. Lester of making false statements to acquire firearms and of being an unlawful user of a controlled substance in possession of firearms. He was sentenced to 27 months' imprisonment, to be followed by two years of supervised release. On direct appeal, we affirmed his conviction and sentence. *United States v. Lester*, 285 F. App'x 542, 548 (10th Cir. 2008).

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Lester completed his sentence of incarceration. In May 2011, the district court terminated his term of supervised release. He then began filing petitions for *coram nobis* relief. We affirmed the district court's orders denying his two previous petitions. *See United States v. Lester*, 557 F. App'x 788, 792 (10th Cir. 2014); *United States v. Lester*, 453 F. App'x 810, 811 (10th Cir. 2011).

Mr. Lester filed his current, third petition on January 5, 2015. In the petition, he asserted that a jury instruction at his trial incorrectly defined the phrase "unlawful user" contained in 18 U.S.C. § 922(g)(3). He complained that the instruction allowed the jury to convict him even though he was neither an addict nor a habitual user of controlled substances. He also argued that the instruction could not be reconciled with Kansas state-law definitions concerning possession of a firearm by an addict and unlawful user of a controlled substance, a reconciliation which he contended was required by 18 U.S.C. § 927.

"A petition for a writ of *coram nobis* provides a way to collaterally attack a criminal conviction for a person . . . who is no longer 'in custody' and therefore cannot seek habeas relief under 28 U.S.C. § 2255 or § 2241." *Chaidez v. United States*, 133 S. Ct. 1103, 1106 n.1 (2013). A petitioner is not entitled to *coram nobis* relief "unless relief under 28 U.S.C. § 2255 was unavailable or would have been inadequate." *United States v. Payne*, 644 F.3d 1111, 1112 (10th Cir. 2011). Relief under § 2255 is not unavailable or inadequate merely because the defendant failed to avail himself of it when he had the chance. *Cf. Prost v. Anderson*, 636 F.3d 578, 589 (10th Cir. 2011) (holding, for § 2241 purposes, that § 2255 is inadequate or

2

ineffective only if the remedy itself is infirm, not because of the movant's "failure to use it or to prevail under it").

The district court concluded that Mr. Lester could have challenged the instruction on direct appeal or in a motion under 28 U.S.C. § 2255. It therefore dismissed his petition.[1] We review the district court's factual findings for clear error, its rulings on questions of law de novo, and the decision to deny a writ of *coram nobis* for an abuse of discretion. *Blanton v. United States*, 94 F.3d 227, 230 (6th Cir. 1996); *United States v. Mandanici*, 205 F.3d 519, 524 (2d Cir. 2000).

On appeal, Mr. Lester attacks our decisions affirming the dismissal of his two previous *coram nobis* petitions, Aplt. Opening Br. at 2-3, and our denial of his pro se motion for stay filed in his direct appeal, *id.* at 15-17. We decline to reconsider those decisions, which became final upon the issuance of our prior appellate mandates. He also presents new issues that he failed to raise in his *coram nobis* petition. *See id.* at 13-15; 18-19. These issues are not before us. *See Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1130-31 (10th Cir. 2011) (stating arguments raised for first time on appeal may be reviewed only for plain error, and appellant's failure to argue for plain

---

[1] After the district court dismissed his petition, Mr. Lester filed an amended petition. The amended petition did not assert any new claims, but specified that Mr. Lester sought "restoration of [his] civil rights and reversal of [his] federal convictions to a point where [he could] legally claim that [he had] no federal conviction," as well as "the return of all forfeited property" or a monetary settlement. R. at 84. The district court dismissed the amended petition for the reasons stated in its prior order of dismissal. Mr. Lester then filed his notice of appeal, purporting to appeal only the district court's first order of dismissal.

3

error "marks the end of the road" for such arguments).[2]  As for his remaining

arguments concerning the district court's decision, we find them meritless.  We

therefore affirm the order dismissing Mr. Lester's third *coram nobis* petition for

substantially the reasons stated by the district court.

The district court's order of dismissal is affirmed.


Entered for the Court


Carolyn B. McHugh
Circuit Judge

---

[2] In an amendment attached to his opening brief, Mr. Lester argues in conclusory fashion that the district court's jury instruction defining "unlawful user" was plainly erroneous.  Aplt. (Amended) Opening Br. at 31.  But this argument addresses only the challenged instruction, not his other, forfeited arguments.