**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 25, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

BUEL DEAN HAMILTON,

      Defendant - Appellant.

Nos. 18-5098 & 18-5099
(D.C. Nos. 4:88-CR-00034-JED-2,
4:13-CR-00073-JED-3)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BACHARACH**, **MURPHY**, and **MORITZ**, Circuit Judges.

---

After examining the briefs and appellate record, this court has determined unanimously that oral argument would not materially assist the determination of these appeals. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). Accordingly, we order the cases submitted without oral argument.

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## INTRODUCTION

Buel Dean Hamilton filed a "Petition for Writs of Error Coram Nobis." Hamilton sought writs as to two sets of federal convictions: (1) a 1988 conviction for conspiracy to possess, pass, and conceal counterfeit obligations of the United States, in violation of 18 U.S.C. § 371; and (2) 2013 convictions for maintaining a location to distribute methamphetamine, in violation of 21 U.S.C. § 856(a)(1), and possession with intent to distribute at least five grams of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(viii). The district court denied issuance of the writ as to Hamilton's 1988 conviction, concluding Hamilton's jurisdictional arguments were entirely without merit. The district court dismissed Hamilton's request for a writ of coram nobis as to the 2013 convictions, concluding such relief was unavailable because Hamilton was still in federal custody on those convictions. Exercising jurisdiction pursuant to 28 U.S.C. 1291, this court **affirms**.

## ANALYSIS

### Appeal No. 18-5098

Setting aside various procedural impediments to Hamilton obtaining coram nobis relief as to his 1988 conviction, *see, e.g.*, *United States v. Thody*, 460 F. App'x 776, 778 (10th Cir. 2012) (unpublished disposition), the district court was clearly correct in concluding Hamilton's petition is entirely without merit. The jurisdictional arguments he makes as to his own, and the victim's, Native

American status are simply irrelevant because his conviction was not under an enclave law. *See United States v. Brisk*, 171 F.3d 514, 519-522, 520 n.4 (7th Cir. 1999) (explaining "distinction between enclave laws and federal laws of nationwide applicability"). Instead, his 1988 conviction was for the violation of a general federal criminal provision applicable nationwide. *Id.* "Federal jurisdiction . . . extends . . . to crimes over which there is federal jurisdiction regardless of whether an Indian is involved." *United States v. Wheeler*, 435 U.S. 313, 330 n.30 (1978).

**No. 18-5099**

The district court correctly dismissed Hamilton's coram nobis petition as to his 2013 convictions because Hamilton is still incarcerated on those convictions. "[A] prisoner may not challenge a sentence or conviction for which he is currently in custody through a writ of coram nobis." *United States v. Torres*, 282 F.3d 1241, 1245 (10th Cir. 2002).[1]

---

[1]In the alternative, the district court noted that even if Hamilton's petition should be construed as arising under 28 U.S.C. § 2255, it would fail on the merits for the same reason his coram nobis petition failed as to his 1988 conviction. Given that Hamilton does not appear to have filed a § 2255 motion as to his 2013 convictions, we do not address the district court's alternative rationale. *See United States v. Kelly*, 235 F.3d 1238, 1241-42 (10th Cir. 2000) (noting limited circumstances in which a court should recharacterize petitions as arising under § 2255). Accordingly, this court **denies** as moot Hamilton's request for a certificate of appealability.

## CONCLUSION

For those reasons set out above, the orders of the district court denying Hamilton's petition for coram nobis in No. 18-5098 and dismissing Hamilton's petition for coram nobis in No. 18-5099 are hereby **AFFIRMED**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge